Filed March 12, 1896.

---

No. 1,532.

REDDICK *v.* THE BOARD OF COMMISSIONERS OF PULASKI
COUNTY.

AGREED CASE.—*What Does Not Constitute An Agreed Case.*—Sim-
ply agreeing to the facts, reducing them to writing, and submitting
the case to the court upon the facts so agreed, do not constitute an
"agreed case" within section 562, R. S. 1894, providing that parties
may, by agreement to the effect, submit a controversy upon an
agreed statement of facts made out and signed by them, with an
affidavit that the controversy is real.

APPELLATE PROCEDURE.—*Agreed Statement of Facts.—How Brought
into Record.*—Where there has been a trial upon an agreed state-

ment of facts, such facts do not become part of the record on appeal, unless made so by order of court or by proper bill of exceptions.

SAME.— *Sufficiency of Evidence.— Finding Contrary to Law.— New Trial.*—A motion for a new trial below and the assignment of the overruling of the same as the specification of error are essential to the review upon appeal of the question whether the court's holding is sustained by sufficient evidence or is contrary to law, where there was a trial and evidence introduced below, and the cause was taken under advisement by the trial court.

From the Pulaski Circuit Court.

*Duncan & Smith,* for appellant.

*J. C. Nye,* for appellee.

Ross, J.—Appellant, who was county superintendent of schools for Pulaski county, Indiana, filed a claim with the board of commissioners of that county, asking an allowance in the sum of $60 for labor performed, which he claimed was not a part of his duties as such superintendent of schools.

The claim was disallowed and appellant appealed from the decision of the board to the Pulaski Circuit Court, where the cause was submitted to the court. The facts were agreed to and reduced to writing, and upon these facts the court concluded that appellant was not entitled to recover for a number of the items in the account, but that as to some of the items he was entitled to recover and thereupon rendered judgment in his favor in the sum of $8.00.

The appellant prosecutes this appeal upon the assumption that because the parties agreed upon the facts, and having reduced them to writing and then submitted the case to the court upon the facts thus agreed to, the case is an agreed case, under section 553, R. S. 1881 (section 562, Burns R. S. 1894).

Counsel for the appellee insist, however, that this is not an agreed case under the statute, and that no question

is presented for our consideration, because the facts agreed to are not properly in the record, not having been brought in by bill of exceptions or order of the court.

This action had its origin in the commissioners' court and the circuit court acquired jurisdiction by appeal and not otherwise. Simply agreeing to the facts, and thus avoiding the introduction of evidence, did not make it an agreed case, under section 553, *supra.*

The case of *Booth* v. *Cottingham, Guard.*, 126 Ind. 431, is not in conflict with our holding that this is not an agreed case under the statute. In that case, on appeal to the Supreme Court, both parties insisted that the case was an agreed one under the statute, and the court said that inasmuch as the parties were agreed that it was such a case, they would accept that as the theory of the case without investigating to see whether it was true, and would decide the case upon that theory.

When the parties agree upon the facts, as in this case, they do nothing more than to simplify the trial by obviating the necessity for making proof, and such facts when agreed to, do not constitute a special finding of facts, and an exception to a conclusion of law based upon such facts presents no question on appeal to this court. *Henes, Admr.*, v. *Henes*, 5 Ind. App. 100.

The statement of the facts agreed to, when the case is not an agreed one under the statute, is mere evidence and nothing more. It is an agreement that the evidence would establish the facts embodied in the statement. *Robbins* v. *Swain, Exr.*, 7 Ind. App. 486.

In a trial upon an agreed statement of facts, as the evidence in the case, such statement does not become a part of the record unless made so by bill of exceptions

or order of the court.    *Pennsylvania Co.* v. *Niblack*,
99 Ind. 149.

Judgment affirmed.

Filed October 31, 1895.

## ON PETITION FOR REHEARING.

Ross, J.—The contention of counsel for appellant
that we are in error in holding that this was not an
agreed case, under section 553, R. S. 1881 (section 562,
Burns R. S. 1894), is settled adversely to appellant in
*Pennsylvania Co.* v. *Niblack, supra.*    In that case the
Pennsylvania Company filed its complaint to quiet title
to real estate, and the appellee Niblack answered by
general denial.    The cause came on for trial upon an
agreed statement of facts, to which was attached an
affidavit of the parties to the effect that the controversy
was real and the proceedings in good faith to determine
their rights.    On appeal the Supreme Court says:
"This was not an agreed case under section 553, R. S.
1881, but it was a trial upon an agreed statement of
facts used merely as evidence."    In the case at bar in
the entry of the court's proceedings of October 4, 1893,
we find that the cause was submitted to the court for
trial and judgment upon an agreed statement of facts,
and in the entry of the proceedings of October 7, 1893,
the record recites that the cause was "submitted to the
court for trial, judgment and decree, without the inter-
vention of a jury, and the court, after hearing all the
evidence, now takes the cause under advisement."
Taking the record as it comes to us, it is evident that
there was a trial, that evidence was introduced, and
that the cause was taken under advisement by the
court.    Under such circumstances the correctness of the
court's holding, as to whether sustained by sufficient
evidence or contrary to law, can be presented for review

on appeal, only by filing a motion for a new trial in the court below, and if the motion is overruled, to assign such ruling as a specification of error here. Of course, no question could arise on the ruling on the motion for a new trial, requiring a consideration of the evidence, except the evidence be properly in the record by bill of exceptions. The evidence is not in the record in this case.

Petition overruled.

Filed March 12, 1896.