No. 17,595.

## MORRISON ET AL. *v.* MORRISON.

| 144 | 379 |
| 145 | 276 |
| 146 | 392 |
| 144 | 379 |
| 151 | 121 |

BILL OF EXCEPTIONS.—*When Not a Part of Record.—Filing.—Certificate.*—Material included in a manuscript, although bearing the form of a bill of exceptions, cannot be considered on appeal, where it was not filed in the clerk's office, and is not certified to be a copy of the original bill.

APPELLATE PROCEDURE.— *Agreed Case.— Bill of Exceptions.*—A purported agreement between the parties as to the facts contained in the transcript, standing immediately after the entry of the decree, without a preceding caption, or other indication showing an intention that it should be embodied in a bill of exceptions, followed by a certificate that the foregoing is a full, true, and complete transcript of all papers and entries in the cause as the same appear of record, cannot be considered on appeal, as it is not a bill of exceptions or an agreed case, as authorized by section 562, R. S. 1894.

From the Koscuisko Circuit Court.

*J. D. Widaman,* for appellants.

*W. D. Frazer,* for appellee.

HACKNEY, C. J.—The record in this case recites cer-

tain issues between the parties; that the cause was "submitted to the court for hearing and trial on the complaint, cross-complaint, pleadings and proofs of the parties;" the finding of the court in favor of the appellee, and, over the motion of the appellants for a new trial, decree was rendered in favor of the appellee, quieting the title in him to a certain island in Wawasee Lake.   As a part of the decree the appellants were given time to file a bill of exceptions, but it is not shown by any file mark, order book entry, certificate of the clerk, or in any other manner that such bill was ever filed.   Following the entry of the decree, as copied into the record, the transcript contains the original, or a copy, of what purports to be an agreement between the parties as to the facts, with certain copies of tax title deeds and receipts.   Next following is a certificate by the clerk that "the foregoing is a full, true and complete transcript of all the papers and entries in said cause as the same appear of record," etc.   Immediately following the certificate is the assignment of error that "the court below erred in overruling plaintiff's motion for a new trial in said cause."   Then follows a certificate, or copy of certificate, as to a bill of exceptions, reciting that "the above and foregoing contains all of the evidence so introduced and filed as aforesaid," with objections, exceptions, etc., and concludes as follows:  "And on the 3d day of September, 1894, the defendants tendered their bill of exceptions and prayed that the same might be signed, sealed and made a part of the record in this cause, which is accordingly done, this 3d day of September, 1894.          EDGAR HAYMOND, Judge."

This certificate, whether the original or a copy, is manifestly not within the transcript as certified by the clerk.   If it ever had any connection with the agreed statement of facts, there is nothing in the

record so indicating. If the agreed statement of facts was ever embodied in a bill of exceptions, such agreement, or the copy thereof in the transcript, is not preceded by a caption or other indication to that effect or showing that it was so intended.

This is not an agreed case as authorized by section 562, R. S. 1894 (section 553, R. S. 1881); *Witz, Admr.,* v. *Dale,* 129 Ind. 120; *Citizens Ins. Co.* v. *Harris,* 108 Ind. 392; *Robertson* v. *Huffman,* 101 Ind. 474; *Pennsylvania Co.* v. *Niblack,* 99 Ind. 149.

Upon the theory that the agreement as to the facts was to be substituted for the evidence in the case, and to be employed, instead of introducing in the regular way the oral and documentary evidence, a bill of exceptions would be necessary to present any question arising upon the evidence. See cases above cited. If this were not the theory of the proceeding employed, the motion for a new trial and the taking of time for the bill would not have been necessary. We cannot accept the record as purporting to contain a bill of exceptions, but if the material included in the transcript could be deemed to bear the form of a bill of exceptions, its filing in the clerk's office, or at least the certificate of the clerk that it was a copy or the original bill, could not be dispensed with. *Jamison* v. *State, ex rel.,* 13 Ind. App. 294.

The questions suggested by the motion for a new trial depend upon the evidence, and since the evidence is not in the record no available error is presented. The judgment of the circuit court is, therefore, affirmed.

Filed March 27, 1896.