## STATE OF INDIANA *v.* HOWE

[No. 28,939. Filed February 24, 1953.]

*J. Emmett McManamon,* Attorney General; *William T. McClain* and *Thomas J. Faulconer, III,* Deputy Attorneys General, for appellant.

*Jesse E. Bedwell,* of Sullivan, for appellee.

GILKISON, J.—The record provided by appellant in this action is quite imperfect, and appellant's brief is of little assistance to us. The appellee has not filed a brief, or otherwise appeared in this court.

In this situation the appeal might be dismissed, but we shall do the best we can to decide such matters as are presented.

The record indicates that appellee was charged by affidavit with the crime of assault and battery with the intent to commit a rape. The affidavit seems to have been filed on October 5, 1951, and the cause was numbered 9634 in the Sullivan Circuit Court.

On March 10, 1952, appellee filed his verified motion to dismiss the charge under §9-1129 Burns' 1942 Replacement because of the state's delay in bringing the cause to trial.

In this motion he alleged that he was originally charged with the identical offense in the same court on February 7, 1951, which cause was numbered 9517. That he was released on his recognizance bond on February 7, 1951, and remained on bond until October 5, 1951, when the prosecuting attorney filed his motion to dismiss the cause for want of prosecution. On the same date the prosecuting attorney filed the present affidavit which is identical with the affidavit he had dismissed that day. That appellee on that date was again put on recognizance bond and remained on such bond until his verified motion for discharge was acted upon and sustained by the trial court. He averred his own freedom from delaying tactics or procedure and

that all the delay was caused by the state. That the delay so caused was for more than three successive full terms of the court.

As far as we can learn from the record before us the motion was tried upon an agreed stipulation of facts and probably other evidence. However, the stipulation of facts or other evidence has not been brought before us in a properly authenticated bill of exceptions and is therefore not in the record. *The Citizens Insurance Company* v. *Harris* (1886), 108 Ind. 392, 9 N. E. 299; *Morrison et al.* v. *Morrison* (1896), 144 Ind. 379, 43 N. E. 437; *Reddick* v. *The Board of Commissioners of Pulaski County* (1895), 14 Ind. App. 598, 41 N. E. 834, 43 N. E. 238; *Wright* v. *Shelt* (1897), 19 Ind. App. 1, 48 N. E. 26.

No bill of exceptions is contained in the record and so far as shown by the record none was ever tendered to the trial court, and of course, none was ever approved by that court. *Lowry* v. *Downey et al.* (1898), 150 Ind. 364, 370, 50 N. E. 79.

Since the matter was tried by the court upon the stipulated evidence, and probably by other evidence, and thereupon the motion was sustained and the defendant was discharged, it is manifest that the state has failed to bring a record before us that presents any question it seeks to raise by its two assignments of error as follows: "1. That the trial court erred in sustaining defendant's motion to dismiss charge for delay in trial," and "2. That the order of the trial court on March 17, 1952, sustaining defendant's motion to dismiss charge for delay in trial is contrary to law."

Finding no error in the record as presented to us, the action of the trial court is affirmed.

NOTE.—Reported in 110 N. E. 2d 633.