FINNEY *v.* ESTATE OF CARTER, ETC.

[No. 19,136. Filed February 29, 1960.]

*Jerrald O. Finney*, of Anderson, *pro se.*

*C. William Byer*, of Anderson, for appellee.

,MYERS, C. J.—This is a claim for attorney fees filed by appellant, Jerrald O. Finney, against appellee, B. Izora Carter, as Administratrix of the Estate of George E. Carter, Deceased. It is alleged that the fees are due and owing because of certain legal services performed by appellant for and on behalf of the decedent during his lifetime, and pertain specifically to two lawsuits brought in the Madison County Circuit and Superior Courts by appellant for the decedent. The claim was denied by the Administratrix and there was a trial on the issues before the Judge of the Madison Superior Court No. 2. Findings and judgment were entered against appellant as to his claim in one lawsuit and judgment was withheld as to his claim in the other. Appellant filed a motion for a new trial in which he stated that the decision of the court was not sustained by sufficient evidence and was contrary to law. The motion was overruled and this appeal followed.

Appellee has failed, or did not see fit, to file a brief in answer to appellant's contentions. We may consider this appeal on its merits even though no appellee's brief has been filed. *State of Indiana* v. *Howe* (1953), 231 Ind. 645, 110 N. E. 2d 633. However, such failure on the part of appellee is tanta-

mount to a confession of error, and this court may reverse if appellant's assignment of errors and brief make an apparent or *prima facie* showing of reversible error. *Mucker* v. *Public Service Commission* (1959), 129 Ind. App. 455, 157 N. E. 2d 308.

Appellant's assignment of errors contains nine specifications of error, eight of which are grounds for motion for new trial. Such independent assignments of error present no question. Flanagan, Wiltrout and Hamilton's Indiana Trial and Appellate Practice, §2386, Comment 2, Page 156. The only specification which we will consider is the charge that the court erred in overruling appellant's motion for a new trial.

Only one of the alleged errors stated therein presents any question, namely, that the decision of the court is contrary to law. The findings were negative to the appellant. Since he had the burden of proof, he cannot challenge the insufficiency of the evidence to sustain the findings. *City of Angola* v. *Hulbert et al.* (1959), 130 Ind. App. 97, 162 N. E. 2d 324. Thus, the only question before us is whether appellant's assignment of errors and brief make a *prima facie* or apparent showing that the decision of the court is contrary to law.

The facts as revealed by the record show that appellant, a practicing attorney, was employed by George E. Carter on or about July 23, 1954, to prosecute an action to set aside a deed against one Gladys A. Wampole, who claimed title to five parcels of real estate in Anderson, Indiana. Carter and Gladys A. Wampole were brother and sister and the sole heirs of Alvah R. and Maggie A. Carter, both of whom had died intestate. The deed in question purported to be a conveyance from Alvah R. Carter and Maggie A. Carter to their daughter, Gladys A. Wampole, of all such real estate.

On July 23, 1954, Carter agreed in writing to pay appellant "a sum equal to 45% of any property or property interest recovered in a suit to set aside a certain purported deed to Gladys Wampole on 8/8/49 from Alvah R. Carter and Maggie A. Carter. No sum due except retainer unless recovery is made." This was signed by Carter. (Exhibit No. 1.)

On July 24, 1954, appellant filed a suit to set aside the deed in the Madison County Circuit Court, alleging that the deed was a forgery and had been procured by fraud and duress. Following this, many pleadings were filed by the parties until finally the cause was put in issue by an answer which was filed to plaintiff's fifth amended complaint on December 5, 1955. The court proceedings are reflected in appellant's Exhibit No. 25, which is the docket sheet of the Madison Circuit Court for that action.

In the meantime appellant had taken the conditional examination of Gladys A. Wampole and had employed the services of a handwriting expert, who came forth with an opinion that the signature of Alvah R. Carter on the deed could be a forgery.

In January, 1956, the attorney for Gladys A. Wampole made an offer to compromise and settle the lawsuit. This was directed to appellant as attorney for Carter and was accepted. It involved the conveyance of two of the lots in question to Carter. The compromise was approved by the Madison Superior Court on behalf of the estate of Maggie A. Carter, which was in process of administration there. Gladys A. Wampole repudiated this agreement and refused to convey the lots pursuant to the compromise. On April 25, 1956, appellant dismissed the suit to set aside the deed, and the following day he filed in the Madison Superior Court No. 2 an action for specific performance on behalf of Carter

as plaintiff, against Gladys A. Wampole and her husband, seeking to enforce the compromise agreement. This was docketed as Cause No. 2S-56-180. The docket sheet of the Madison Superior Court No. 2 for that cause shows that there was an oral argument, and that proof of notice to take deposition of Gladys A. Wampole's attorney, who had represented her in the action to set aside the deed, was filed. This deposition was subsequently taken. The suit was venued to the Grant Circuit Court where it was still pending at the time this cause on appeal was tried.

About the first of March, 1957, appellant was required to absent himself from Indiana because of illness in his family, and to stay away for long periods of time. Previously, he had requested an attorney in Anderson to act as associate counsel. This attorney advised Carter of appellant's absence, and wrote him that he would handle matters until trial, at which time appellant would personally be present to try the case. However, Carter wrote appellant a letter discharging him as his attorney on the ground that he had no authority to place the litigation in the hands of the associate counsel, and requested his file. Thereafter Carter died and appellant filed his claim for fees in the estate.

At the trial of the claim, the only evidence presented was that introduced by the appellant. Appellee made no effort to defend the claim, except that her attorney was present and cross-examined appellant's witnesses. Appellee's attorney took the stand, at which time most of the documentary evidence was introduced by appellant. There were 62 exhibits placed in evidence. These included 22 pleadings, 26 letters, and two depositions. He admitted there was a pleading indicating that a settlement had been reached between Carter and Gladys A. Wampole early in 1956.

A disinterested attorney testified that the reasonable value of appellant's services was worth at least $1,500 in the matters involved.

The associate counsel testified that Carter had tried to employ him individually after discharging appellant, but that he had refused to act for him.

In appellant's claim as filed, it was stated that he had received a retainer fee from Carter in the sum of $45.

The findings of the court and judgment read as follows:

"Comes now the claimant, Jerrald O. Finney, in person and acting as his own attorney, and comes now the Administratrix of the Estate of George Carter, deceased, in person and by her attorneys, Byer and Gaus;

"And this cause being at issue upon the claim of Jerrald O. Finney heretofore filed herein and on rejection thereof by the Administratrix and on the answer of the Administratrix denying said claim;

"And the parties having waived trial by jury, cause is submitted and evidence heard and concluded on the 25th day of November, 1957;

"And the plaintiff's evidence having been commenced and concluded, the plaintiff now rests;

"And the decedent's estate now moves the court for a finding for the estate upon plaintiff's evidence, and such motion is overruled, and, thereupon, the decedent's estate rests;

"And the Court, being duly advised now finds that the decedent paid the claimant's attorney herein the sum of $594.85 on the original suit to set aside a deed. The court further finds that the suit, being 54-578 Madison Circuit Court, to set aside a deed was dismissed on April 25, 1956 by the plaintiffs by this attorney, hereby rendering plaintiff's exhibit #1, as of no effect.

"The court further finds that plaintiff's attorney therein, is not entitled to any fees under claimant's exhibit #25.

"The court further finds that there was no written contingent fee contract between decedent George E. Carter and the plaintiff in cause 2S-56-180.

"The court further finds that this second suit, which is a suit for specific performance, is not at issue. The court further finds that there may be some doubt as to the merit of the second suit. The court therefore withholds judgment on any fees until such time as cause No. 2S-56-180 is disposed of in the Grant Circuit Court. Costs to abide this event.

"Judgment.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED BY THE COURT that the decedent paid the claimant's attorney herein the sum of $594.85 on the original suit to set aside a deed. The court further finds that this suit, being 54-578 Madison Circuit Court, to set aside a deed was dismissed on April 25, 1956 by the plaintiff's by his attorney, hereby rendering plaintiff's exhibit #1, as of no effect.

"The Court further finds that plaintiff's attorney therein, is not entitled to any additional fees under claimant's exhibit #25.

"The Court further finds that there was no written contingent fee contract between decedent George E. Carter and the plaintiff in cause 2S-56-180.

"The court further finds that this second suit, which is a suit for specific performance, is not at issue. The court further finds that there may be some doubt as to the merit of the second suit. The court therefore withholds judgment on any fees until such time as cause No. 2S-56-180 is disposed of in the Grant Circuit Court.

"Costs to abide this event. Judgment."

The only evidence concerning the sum of $594.85, mentioned by the court as having been paid to appellant, is set forth in a letter dated March 22, 1957,

sent by Carter to appellant, wherein his legal services were terminated. This letter reads as follows:

"March 22, 1957

"George E. Carter
"2203 E. Lynn St.
"Anderson, Indana

"Jerrald O. Finney
"Attorney at Law
"712 Anderson Bank Bldg.
"Anderson, Indiana
"Dear Sir:

"I have been informed by Mr. Joseph D. Ketner, Attorney at Law, 707 Anderson Bank Bldg., Anderson, Indiana, that as of March 11, 1957, you have placed my case of Carter vs. Wampole and the papers concerning said case with Mr. Ketner for future processing.

"No one, Mr. Finney, gave you the authority for such action, and I was not even taken into consideration. Therefore you can be considered as of this date of March 22, 1957 as having no further authority in this case.

"I expect you to have all the papers in my file, and certainly the papers pertaining to the five hundred ninety-four dollars and eighty-five cents ($594.85) that you have advised me to spend thus far in this case.

"I also want the check and bank books, postal savings stamps, and savings bonds of the Maggie A. Carter Estate.

"If all the above items are not in my possession by March 30, 1957, I am filing this case in the Madison County Circuit Court on said date of March 30, 1957.

"Yours truly,
"cc                          "George E. Carter
"jf                          "George E. Carter"

Nowhere in the record is there any evidence that appellant received this amount. This is merely a statement by Carter that he wanted the papers in his file

which pertained to the sum of $594.85, which appellant "advised" him to spend. The evidence was uncontradicted and undisputed. During the time of litigation when appellant acted for Carter, it could reasonably be inferred that certain costs and expenses required payment, such as court costs, reporter's charges, clerk's fees, and payment to the handwriting expert. As to the latter, there was evidence that he had received $150 as a retainer fee. From the evidence submitted, including this letter, and all reasonable inferences deducible therefrom, we cannot reach the conclusion that this particular sum had been paid to appellant or that he received any part of it.

There was some evidence which indicated that, even though appellant's written agreement with Carter for attorney fees was contingent upon recovery, appellant was prohibited and prevented from completing his performance as an attorney because of a wrongful discharge. Where the complete performance of an attorney's services has been rendered impossible, or otherwise prevented by the client, and the compensation of the attorney is contingent on the successful result of the suit, the attorney, as a rule, may recover the reasonable value of his services rendered. *French* v. *Cunningham et al.* (1898), 149 Ind. 632, 49 N. E. 797.

In our opinion, the examination of appellant's brief has made an apparent or *prima facie* showing of reversible error.

Judgment reversed, and the trial court is ordered to sustain the motion for new trial.

Ax, Cooper and Ryan, JJ., concur.

NOTE.—Reported in 164 N. E. 2d 656.