MILLER, ADMINISTRATRIX, ETC.: KRUDOP *v.* WABASH
FIRE & CASUALTY INSURANCE COMPANY, ETC.

[Nos. 19,712 and 19,713. Filed November 19, 1963.]

*Merrill & Reiber* and *Robert E. Meyers,* both of Fort Wayne, for appellants.

*Gates & Gates,* of Columbia City, for appellee, Wabash Fire & Casualty Insurance Company.

KELLEY, J.—The two actions here involved were consolidated for purpose of appeal.

The assignments of error on this appeal are: that the court erred in overruling appellant's motion for a new trial and that the court erred in its conclusions of

law, numbered 2, 4 and 5, respectively. The grounds specified in the new trial motion are that the decision of the court is not sustained by sufficient evidence and that said decision is contrary to law. All of said assignments require a consideration of the evidence. The only evidence presented and admitted at the trial by the court consisted of written stipulations of fact agreed to by the parties and six (6) exhibits attached thereto.

Upon request, the court entered its special findings of fact and stated its conclusions of law thereon. Judgments for appellees followed. All major questions sought to be presented by this appeal rest upon the provisions of an automobile liability policy issued by appellee, Wabash Fire and Casualty Insurance Company, in favor of the therein named insured, appellee Floyd Bernardin.

We are precluded from rendering any opinion on the assigned errors for the reason that no questions are presented. The stipulation of facts and the exhibits attached thereto were not brought into the record by a bill of exceptions. The record discloses that appellant filed with the clerk of the court an affidavit entitled: "Affidavit in lieu of Bill of Exceptions." The clerk certified that the transcript contains "an affidavit in lieu of bill of exceptions as was filed with me on the 30th day of October, 1961, after first being approved by" the judge. The record reveals no certificate of the judge as to any matter.

It has long been held by our courts that on appeal the stipulation of facts must be brought into the record by a bill of exceptions. The most recent case so holding is *Schadle* v. *Miller* (1959), 131 Ind. App. 298, 302, pts. 2, 3, 162 N. E. 2d 702, transfer denied 241 Ind. 170, 170 N. E. 2d 662. See, also,

2 I. L. E. *Appeals*, §282, note 19, page 89; Flanagan, Wiltrout & Hamilton, §1761 and §2275, Comment 11; *The Citizens Insurance Company* v. *Harris* (1886), 108 Ind. 392, 9 N. E. 299; *Martin* v. *Martin* (1881), 74 Ind. 207, 208; *Pennsylvania Company* v. *Niblack* (1884), 99 Ind. 149, 151; *Reddick* v. *The Board of Commissioners of Pulaski County* (1895), 14 Ind. App. 598, 600, 601, 41 N. E. 834; *Morrison et al.* v. *Morrison* (1895), 144 Ind. 379, 381, 43 N. E. 437; *Aubain* v. *United Brotherhood of Carpenters and Joiners of America* (1917), 63 Ind. App. 636, 638, 115 N. E. 78. It is required, also, that the record must show that it contains all the evidence adduced at the trial. *The Citizens Insurance Company* v. *Harris, supra,* on page 393; *Aubain* v. *United Brotherhood, etc., supra,* on page 638. The record before us makes no such showing.

Appellant's brief does not set out the special findings of the court nor the conclusions of law stated thereon. The brief contains a statement that the court's findings of fact are "summarized . . . as follows" and then sets forth a general statement of appellant's conclusions as to an unidentified portion of the court's findings, with a reference to certain lines and pages of the transcript. Likewise, appellant "summarized" the conclusions in general fashion and without number or other specific designation.

Although appellant's brief makes repeated references to the said insurance policy and to other exhibits, neither the policy nor the exhibits are set forth in the brief, either in haec verba or material, pertinent substance. Such omission results in a waiver of the charged error. *Baltimore and Ohio Railroad Company* v. *Lilly Paint Products, Inc.* (1963), 135 Ind. App. 46, 188 N. E. 2d 278, 280, 281, pt. 5; *Motorists*

*Mutual Insurance Company* v. *Johnson* (1963), 192 N. E. 2d 769, 770, pt. 3.

To determine whether the decision of the court is contrary to law because not sustained by sufficient evidence, we must have before us, as required by Rule 2-17, the evidence and the special findings of the court, or such substance of said findings as will enable us to pass on the asserted error without reference to the transcript. Appellant's brief is insufficient in this respect and the alleged error is waived. 2 I. L. E., *Appeals*, §384 (last paragraph), page 250, and cases cited.

A challenge of the conclusions of law assumes the truth of the facts found. 2 I. L. E., *Appeals*, §522, notes 75 and 76, page 431. It follows that in the absence of the special findings of the court, we are not in position to determine the validity of the challenge to the conclusions of law. In *Buchanan et al.* v. *Citizens National Bank* (1923), 193 Ind. 154, on page 156, 139 N. E. 148, it is stated:

" . . . It is impossible for the court to determine whether or not a conclusion of law was erroneous without a consideration of *all* the facts found. A mere fragmentary recital in the brief of a few of the facts found affords no basis for adjudging that appellee was not entitled to a conclusion of law in its favor upon all the facts." (Emphasis supplied).

The judgment is affirmed.

Mote, C. J., Hunter and Pfaff, JJ., concur.

NOTE.—Reported in 193 N. E. 2d 917.