WERKING ET AL. *v.* SNYDER ET AL.

[No. 19,907.   Filed November 16, 1964.]

*David E. Hayes,* of New Castle, for appellants.

*Thomas B. Millikin,* of New Castle, *Robert D. Risch, Robert D. McCord, Donald R. Metz* and *Ice, Miller, Donadio & Ryan,* of counsel, all of Indianapolis, for appellees.

KELLEY, J.—In this action appellants, by complaint, seek a declaratory judgment "of rights under Section 28-6106 of Burns' Indiana Statutes". The crux of the matter appears to be whether certain of the 489 signers of a petition requesting the Henry County School Reorganization Committee to include the east portion of Liberty Township in the reorganization plan of the adjoining Wayne County, Indiana, were entitled to withdraw their names from said petition after the same was

filed with said committee and whether the latter were "entitled" to strike the names of the withdrawers from the petition.

Upon the issues, duly made, the court found and rendered judgment against appellants that they were not entitled to the relief prayed for and that they take nothing by their complaint.

Appellants apparently moved for a new trial upon the sole ground "that the verdict or decision is contrary to law", which motion was overruled by the court.

It appears from the record that the evidence at the trial by the court consisted of a "written stipulation of facts filed herein by the parties" and six (6) exhibits attached thereto. None of the exhibits are set forth, verbatim or in substance, in appellants' brief. However, it seems immaterial since a consideration of the new trial specification requires a consideration of the evidence and such evidence is not presented in the record by a bill of exceptions. The failure to bring the evidence into the record by a bill of exceptions precludes us from rendering any opinion on the assigned error for the reason that no question is presented. *Miller, Admr.* v. *Wabash Fire and Casualty Insurance Company et al.* (1963), 135 Ind. App. 381, 193 N. E. 2d 917, pts. 1 and 2.

Appellees have filed a motion to affirm the judgment or, in the alternative, to dismiss the appeal on the ground that by reason of the fourth (4th) paragraph of §28-6106(3) (d), Burns' 1964 Cumulative Supplement, the question here sought to be presented is "now moot". In view of the fact, as we have found, that no justiciable question is presented by the record herein, the motion becomes bootless.

Judgment affirmed.

Hunter, C. J., and Mote, Pfaff, JJ., concur.

NOTE.—Reported in 202 N. E. 2d 183.