**In the Matter of Robert E. STOCHEL.**

**No. 45S00–0109–DI–402.**

Supreme Court of Indiana.

Aug. 8, 2003.

Marce Gonzalez, Merrillville, IN, for the Respondent.

Donald R. Lundberg, Executive Secretary, Dennis K. McKinney, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

This matter comes before the Court on the parties' *Statement of Circumstances and Conditional Agreement for Discipline*, pursuant to Ind. Admission and Discipline Rule 23, Section 11(g). Respondent, Robert E. Stochel, an attorney admitted to practice in this state in 1978, has been charged by the Indiana Supreme Court Disciplinary Commission with lawyer misconduct arising out of a fee dispute with a client in a contingent fee case. We now find that the discipline agreed to by the parties, a public reprimand, is appropriate, and herein set forth the facts and circumstances of this case.

The parties agree that a client hired the respondent, after a referral from another attorney, to handle litigation involving the estate of the client's mother. The respondent and the client agreed that the respondent would take the case on a contingency basis, with the respondent receiving a fee of forty percent (40%) of any recovery. The respondent did not reduce this agreement to writing.

Ultimately, the respondent settled the client's claim for $180,000, payable $60,000 immediately, followed by four annual payments of $30,000. The respondent calculated his total fee to be $72,000 (forty percent of $180,000). Upon receipt of the initial $60,000 payment, the respondent prepared a settlement statement for the client, which provided that he would retain $50,000 toward his fee of $72,000 and the client would receive $10,000. The settlement statement also informed the client that the respondent would retain $11,000 from each of the next two $30,000 annual payments to cover the balance of his fee. This resulted in the respondent being paid in full before the client received the last $60,000 of the agreed settlement.

From the $50,000 attorney fee the respondent withheld from the initial $60,000 installment of the settlement, the respondent paid the referring attorney $16,000.

Indiana Professional Conduct Rule 1.5(e) prohibits a division of fee among lawyers who are not in the same firm, unless:

(1) the division is in proportion to the services performed by each lawyer or, by written agreement with the client, each lawyer assumes joint responsibility for the representation;

(2) the client is advised of and does not object to the participation of all the lawyers involved; and

(3) the total fee is reasonable.

The parties agree that: (1) the respondent and the referring attorney were not members of the same firm; (2) the payment was neither proportional to the services performed by each attorney nor pursuant to a written agreement with the client under which each attorney assumed joint responsibility for the representation; and (3) the client was neither advised of nor consented to the division of the fee. The parties concede that other than his initial consultation with the client, for which he received a fee of $250, the referring attorney had no other contact with the client or the litigation. The client ultimately sued the respondent and the claim was settled by the respondent paying the client the amount paid to the referring attorney. We find that the respondent violated Prof. Cond.R. 1.5(e).

Professional Conduct Rule 1.5(c) requires that contingent fee agreements be in writing and state the method by which the fee is to be determined. Professional Conduct Rule 1.5(b) requires the basis or rate of a fee be communicated, preferably in writing, to a client that the attorney does not regularly represent. We find that the respondent, by failing to reduce his contingent fee agreement with the client to writing and by failing to communicate the rate or basis of the fee to his client, violated these provisions.

■ We also find that the respondent violated Prof.Cond.R. 1.5(a), which prohibits an attorney from charging an unreasonable fee. The fee agreement called for the respondent to receive a contingent fee of 40%, yet upon receipt of the first payment, the respondent retained in excess of 83% of the funds received as his fee. Though in the end the respondent's fee represented only 40% of the total settlement, the respondent initially denied the client of the use and benefit of funds he was entitled to receive. The respondent's collection of over 80% of the initial settlement proceeds was contrary to the parties' agreement and unreasonable. In a similar case, where the contingent fee agreement called for a total fee of ten percent (10%), we found that the retention of $50,000 from initial payments totaling $100,000 in a structured settlement totaling $550,000 was unreasonable. *Matter of Myers,* 663 N.E.2d 771 (Ind.1996). Absent a contrary written agreement between the lawyer and the client, attorneys fees should be taken only as settlement proceeds are received. Restatement (Third) of the Law Governing Lawyers, Section 35(2) (providing that "Unless the contract construed in the circumstances indicates otherwise, when a lawyer has contracted for a contingent fee, the lawyer is entitled to receive the specified fee only when and to the extent the client receives payment.").

■ Having found misconduct, we must now assess the appropriateness of the agreed sanction, a public reprimand. It is clear that the respondent's failure to reduce the terms of the contingent fee arrangement to writing led to the confusion regarding the payment of his fee. This failure also was responsible for the client not knowing or consenting to a division of the attorney fees. As we have noted previously:

> Lawyers are obligated to act with an allegiance to the interests of their clients. Most clients must pay lawyers engaged in private practice for their services, thus creating a risk of conflicting economic interests. Lawyers almost always possess the more sophisticated understanding of fee arrangements. It is therefore appropriate to place the balance of the burden of fair dealing and the allotment of risk in the hands of the lawyer in regard to fee arrangements with clients.

*Myers,* 663 N.E.2d at 774.

Because we favor agreed resolutions of disciplinary charges, we accept the parties' agreed sanction of a public reprimand. However, we note that in the future it will be appropriate in such cases to impose greater sanctions, including, but not limited to, restitution to the client of the economic value of the loss of the use and benefit of funds rightfully belonging to the client.

The respondent, therefore, is hereby reprimanded and admonished for the misconduct set out above.

The clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and the hearing officer in this matter, and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this State, and the clerk of each of the United States Bankruptcy Courts in this state with the last known address of the respondent as reflected in the records of the clerk.

Costs of this proceeding are assessed against the respondent.

DICKSON, SULLIVAN, BOEHM and RUCKER, JJ., concur.

SHEPARD, C.J., concurring.

I have voted to approve this sanction only because it comes to us in the form of an agreement. If it came to us as a litigated case, I would vote for a suspension.