Thomas J. HERR, Appellant–Plaintiff,

v.

CARTER LUMBER, INC., The Carter Jones Lumber Company and Brian L. Oaks, Appellees–Defendants.

No. 79A02–0803–CV–290.

Court of Appeals of Indiana.

June 24, 2008.

Thomas J. Herr, Lafayette, IN, Attorney for Appellant.

Alan D. Wilson, Kokomo, IN, Attorney for Appellee.

**OPINION**

BROWN, Judge.

Thomas J. Herr appeals the trial court's judgment in his action against Carter Lumber, Inc., the Carter Jones Lumber Company (collectively, "Carter Lumber"), and Brian Oaks for unpaid attorney fees. Herr raises one issue, which we restate as whether the trial court's order that Herr receive his compensation under a contingency fee agreement only after Carter Lumber makes a recovery is clearly erroneous. We affirm.

 Before addressing the argument raised by Herr, we note that he did not submit a transcript of the bench trial upon which the trial court's findings of fact and conclusions thereon are based. Ind. Appellate Rule 9(F)(4) provides:

> The Notice of Appeal shall designate all portions of the Transcript necessary to

present fairly and decide the issues on appeal. If the appellant intends to urge on appeal that a finding of fact or conclusion thereon is unsupported by the evidence or is contrary to the evidence, the Notice of Appeal shall request a Transcript of all the evidence.

The Indiana Supreme Court addressed a similar situation in *Pabey v. Pastrick*, 816 N.E.2d 1138, 1141–1142 (Ind.2004), *reh'g denied*. There, the appellant failed to submit a transcript of the evidentiary hearing. The appellant argued that no transcript was necessary because he did not contend that the trial court's findings of fact were unsupported by the evidence; in fact, he repeatedly cited the trial court's findings of fact and did not reference facts outside those found by the trial court. 816 N.E.2d at 1142. Relying in part upon Ind. Appellate Rule 49(B), which provides that the failure to include an item in an appendix shall not waive any issue or argument, and Ind. Appellate Rule 9(G), which allows supplemental requests for transcripts to be filed, the Court held that the appellant's failure to submit a transcript was not a basis for dismissing the appellant's appeal. *Id.*

In *Pabey*, the Court cited *In re Walker*, 665 N.E.2d 586, 588 (Ind.1996), in which the appellants did not submit a transcript and argued that a transcript was unnecessary because there was no challenge to the trial court's findings of fact and the appellate review entailed determining only whether the findings supported the judgment and whether the conclusions of law and the judgment were clearly erroneous based upon the findings. 665 N.E.2d at 588. The Court noted that the "failure to include a transcript works a waiver of any specifications of error which depend upon the evidence." *Id.* (quoting *Campbell v. Criterion Group*, 605 N.E.2d 150, 160 (Ind. 1992), and discussing prior appellate rules). However, the Court encouraged "litigants to utilize and reviewing courts to permit the utilization of procedures that minimize expense and administrative burdens for the parties and the court system." *Id.* Consequently, the Court addressed the issues presented in the appeal. *Id.*

It appears that Herr is not challenging the trial court's findings of fact and is challenging only the trial court's conclusions of law. Based upon *Pabey* and *Walker*, we will address the issue raised by Herr.

We now set out the relevant facts as stated in the trial court's findings of fact. Carter Lumber hired Herr to represent it on certain collection matters. Herr agreed to represent Carter Lumber against Mennen Builders and Tony Labue at the rate of $175.00 per hour plus reimbursement of any advanced costs. Herr agreed to represent Carter Lumber against Leona Ritter and Chad Seybold, Roger Chaudion, David Blackburn, Honn Construction, and Harry Mohler and Associates on "the basis of a twenty-five percent (25%) contingent fee with the client to pay court costs." Appellant's Appendix at 7. At some point, Carter Lumber terminated Herr's representation. Carter Lumber then hired Brian Oaks to represent it on an hourly fee basis in the case against Ritter and Seybold, but did not hire counsel in the remaining cases. Herr had been paid all fees for the case regarding Mennen Builders and Labue except for $795.50. Herr had unreimbursed expenses of $170.19 in the case against Ritter and Seybold.

Herr filed a complaint against Carter Lumber seeking "quantum meruit compensation, as measured by his normal fee of $185.00 per hour for all his work expended" in the cases. *Id.* at 8. Carter Lumber contended that Herr was "not entitled to be compensated until funds are recovered

from the debtors." *Id.* After a bench trial, the trial court concluded that "where the contract between the client and the attorney did not spell out what the attorney's compensation would be in the event that the client terminated the attorney's services, the Court finds that the attorney must wait to recover his fee until funds are collected on behalf of the client." *Id.* at 12. The trial court then entered the following judgment:

1. In *Mennen,* [Herr] shall recover from [Carter Lumber] his unpaid fees in the sum of $795.50.

2. In *Ritter* and *Seybold,* [Herr] is entitled to recover from [Carter Lumber] his expenses advanced in the sum of $170.19.

3. In the remaining cases, and in *Ritter* and *Seybold,* [Herr] is entitled to recover his quantum meruit fee on any collection achieved by successor attorneys.

4. [Herr] is entitled to an attorney's lien in [*Chaudion* ], [*Ritter* ], [*Blackburn* ], [*Honn* ], and [*Mohler* ].

5. Payment of the judgment declared by paragraphs 1 and 2 shall not discharge the judgment declared by paragraph 3 or the lien declared by paragraph 4.

Appellant's Appendix at 12–13.

■ The issue is whether the trial court's order that Herr receive his compensation under a contingency fee agreement only after Carter Lumber makes a recovery is clearly erroneous. The trial court apparently entered sua sponte findings of fact and conclusions thereon. In general, sua sponte findings control only as to the issues they cover, and a general judgment will control as to the issues upon which there are no findings. *Yanoff v. Muncy,* 688 N.E.2d 1259, 1262 (Ind.1997). We will affirm a general judgment entered with findings if it can be sustained on any legal theory supported by the evidence. *Id.* Because Herr did not submit a transcript, we will not review whether the evidence supports the findings. Rather, we will determine only whether the findings of fact support the trial court's conclusions of law. *Id.* A judgment is clearly erroneous if it applies the wrong legal standard to properly found facts. *Id.* In order to determine that a conclusion is clearly erroneous, an appellate court's review of the evidence must leave it with the firm conviction that a mistake has been made. *Id.*

■ Herr appeals only the trial court's judgment in paragraph 3, which held that Herr was entitled to recover his quantum meruit fee on any collection achieved by successor attorneys. Specifically, Herr argues that he is entitled to immediate payment of $12,173.00 for compensation of his attorney fees rather than payment from any recovery made by Carter Lumber.

Resolution of this matter is governed by the Indiana Supreme Court's decision in *Galanis v. Lyons & Truitt,* 715 N.E.2d 858 (Ind.1999). In *Galanis,* the Indiana Supreme Court considered competing contingency fee agreements from a client's prior and current attorneys. The client had retained Lyons & Truitt ("Lyons") to represent her in a personal injury action under a written one-third contingent fee arrangement. 715 N.E.2d at 860. After her attorney at Lyons was appointed to a trial court, the client then retained Galanis as her attorney. *Id.* The client signed another contingency fee agreement with Galanis, which provided that Galanis would receive forty percent of the gross amount recovered if the case settled or went to trial plus an additional ten percent if the case was appealed. *Id.*

The jury awarded $250,000 to the client, and the case settled for $200,000. *Id.* Lyons requested one-third of one-third of

the recovery or $22,200, but the parties were unable to reach an agreement. *Id.* Lyons filed a complaint against the client, and the client cross claimed against Galanis. *Id.* The trial court held that Lyons was entitled to a reasonable fee and that Galanis was responsible for paying the fee. *Id.*

On appeal, the Indiana Supreme Court held that "in the absence of express written fee agreements providing otherwise . . . a lawyer retained under a contingent fee contract but discharged prior to the contingency is entitled to recover the value of services rendered *if there is a subsequent settlement or award.*" *Id.* (emphasis added). "[T]he fee is to be measured by the proportion of the total fee equal to the contribution of the discharged lawyer's efforts to the ultimate result." *Id.* The Court emphasized:

> [T]he value of a discharged lawyer's work on a case is not always equal to a standard rate multiplied by the number of hours of work on the case. Where the lawyers have agreed to work on contingent fees and there is no contractual provision governing payment in the event of discharge, compensating the predecessor lawyer on a standard hourly fee could produce either too little or too much, depending on how the total hourly efforts of all lawyers compare to the contingent fee.

*Id.* at 862. Further, the Court held that "a subsequent lawyer under a contingent fee agreement who knew of the previous lawyer's representation is responsible for paying the predecessor's fee out of the subsequent lawyer's fee." *Id.* at 860. The Court held that "[t]hese are default settings the law supplies in the absence of fee agreements providing otherwise and parties and lawyers are not prevented from making other reasonable fee arrangements." *Id.*

Following *Galanis,* this court decided *Four Winds, LLC v. Smith & DeBonis, LLC,* 854 N.E.2d 70 (Ind.Ct.App.2006), *reh'g denied, trans. denied.* In *Four Winds,* we considered an attorney's action against his client for unpaid fees. The client, Four Winds, retained the attorney, Smith, and filed an action in federal court against American Express Tax Advisors. 854 N.E.2d at 71. Four Winds and Smith entered into a contingency fee agreement, which also contained the following termination clause:

> [I]f the Client discharges the Attorney, the Client agrees to compensate the Attorney for the reasonable value of the Attorney's services rendered to the Client up to the time of the discharge based on the Attorney's prevailing hourly charge in effect at the time of termination.

*Id.* Four Winds later terminated Smith's representation, and Smith filed an action against Four Winds for attorney fees even though the underlying action against American Express was still pending. *Id.* at 72. The trial court entered judgment in favor of Smith for $544,260.05. *Id.* at 73.

On appeal, we relied upon *Galanis* and noted that the Indiana Supreme Court "has approved of the use of termination clauses that provide for an hourly rate in the event of a pre-contingency termination, holding that they are 'presumptively enforceable, subject to the ordinary requirement of reasonableness.'" *Id.* at 74 (quoting *Galanis,* 715 N.E.2d at 862). We also recognized that: "*[A]bsent a contrary agreement* between the lawyer and the client, attorney fees pursuant to a contingency fee agreement should be taken only when the client receives payment." *Id.* at 75 (citing *In re Stochel,* 792 N.E.2d 874, 876 (Ind.2003)) (emphasis added). However, because a "contrary agreement" existed, namely the termination clause, we

found that "the terms of payment were converted from a contingent fee into an hourly fee, which Smith was entitled to receive upon its discharge." *Id.* Consequently, we concluded that the trial court did not err by awarding fees to Smith even though the underlying action was still pending. *Id.*

Here, the contingency fee agreement did not contain a termination clause like the one in *Four Winds.*[1] Thus, under *Four Winds* and *Galanis,* Herr should receive his attorney fees pursuant to the contingency fee agreement only when Carter Lumber receives payment. Moreover, although Herr seeks to receive compensation based upon his hourly fee and the number of hours that he worked on each case, that result would be inconsistent with *Galanis.* Under *Galanis,* the terminated attorney receives compensation based upon the "contribution of the discharged lawyer's efforts to the ultimate result" under quantum meruit. 715 N.E.2d at 860. This compensation is not necessarily "equal to a standard rate multiplied by the number of hours of work on the case." *Id.* at 862. Without a final result of the cases, a court is unable to determine an appropriate compensation for Herr. We conclude that, under *Galanis* and *Four Winds,* Herr may not receive compensation for his attorney fees until Carter Lumber receives payment.[2] The trial court's order denying Herr's request for immediate payment of his attorney fees was not clearly erroneous.

For the foregoing reasons, we affirm the trial court's judgment that Herr is entitled to recover his quantum meruit fee on any collection achieved by successor attorneys.

Affirmed.

NAJAM, J. and DARDEN, J. concur.

---

1. We were not provided with a copy of the contingency fee agreement. The trial court found that the "contract between the client and the attorney did not spell out what the attorney's compensation would be in the event that the client terminated the attorney's services...." Appellant's Appendix at 12. Herr does not challenge this finding.

2. Herr also relies upon *French v. Cunningham,* 149 Ind. 632, 49 N.E. 797 (1898), and *Finney v. Estate of Carter,* 130 Ind.App. 381, 164 N.E.2d 656 (1960). In *French,* the Indiana Supreme Court held, in part: "It is well settled that, where the complete performance of an attorney's services has been rendered impossible, or otherwise prevented, by the client, the attorney may, as a rule, recover on a quantum meruit for the services rendered by him." 149 Ind. at 635, 49 N.E. at 798. In *French,* the underlying action had been "compromised ... without a trial," and the Court held that the attorney was entitled to compensation. *Id.* at 634, 640, 49 N.E. at 798, 800. *French* does not resolve the question here—whether the discharged attorney is entitled to compensation before the underlying action is resolved.

In *Finney,* this court held that a discharged attorney was entitled to recover the reasonable value of his services, and the underlying action was still pending. 130 Ind.App. 381, 384, 389, 164 N.E.2d 656, 658, 660 (1960). Although *Finney* supports Herr's contention, it is inconsistent with the analysis in *Galanis.* We note that *Galanis* was decided by the Indiana Supreme Court, and Indiana Supreme Court precedent is "binding upon us until it is changed either by that Court or by legislative enactment." *Horn v. Hendrickson,* 824 N.E.2d 690, 694 (Ind.Ct.App.2005). Thus, we follow *Galanis* rather than *Finney.*