EARHART *v.* CYCLONE FENCE COMPANY.

[No. 15,732.  Filed November 18, 1936.]

*Connor D. Ross,* for appellant.

*White, Wright & Boleman, Knapp, Beye, Allen & Cushing* and *Joseph L. Earlywine,* for appellee.

WOOD, P. J.—This is the second appeal of this case. For opinion and judgment of this court on the first appeal see, *Earhart* v. *Cyclone Fence Co.* (May 31, 1934), 99 Ind. App. 48, 190 N. E. 558. Pursuant to the judgment entered at that time, reversing the award of the full Industrial Board, with instructions to enter an award in favor of appellant for total disability, on July 3, 1934, the Industrial Board did enter an award allowing appellant compensation at the rate of $16.50 a week for 303 plus weeks beginning January 6, 1933, for total disability caused by right and left inguinal hernias, resulting from an accident arising out of and in the course of his employment by appellee.

August 24, 1934, appellee filed an application for a review of this award, on account of a change in conditions, in which it was alleged among other things that, "the disability of said employee on account of said injury has diminished since the date of said award and that the award is a fraud upon your petitioner and it was rendered by a mistake of fact." This application was heard before a single member of the Board, and thereafter, to wit, on May 15, 1935, after a hearing by the full Board it entered an order that the appellee should offer appellant an operation for the correction of the bilateral hernia from which he was suffering. This offer was accepted by appellant and on July 2, 1935, he submitted to said operation, was in the hospital twenty-

one days, when he was returned to his home in Greensburg.

September 20, 1935, the appellee filed a second application for a modification of the original award on account of change in conditions, alleging that the disability from which the appellant was suffering had ended since the date of said award. On a hearing of this application, before the full Board, it found as a result of said surgical operation that the bilateral hernia from which appellant had been suffering had been corrected and that his disability ended on October 25, 1935, and an order was entered terminating compensation as of that date.

From this award appellant appeals, assigning as error, that the award of the full Board is contrary to law. This assignment is sufficient to present both the sufficiency of the facts found to sustain the award, and the sufficiency of the evidence to sustain the finding of facts.

The appellant was awarded compensation for total disability. "The presumption is that the injured workman is entitled to full compensation until he is able to resume work of the same kind or of the same general character as the work in which he was engaged at the time he received his injury, subject, of course, to the privilege of the employer to furnish or tender him work, suited to his condition, as provided by statute." *Swift & Co.* v. *Babich* (1928), 88 Ind. App. 64, 67, 163 N. E. 232. Appellee's application for modification of the award because of change of conditions is based and was tried upon the theory, that appellant's physical condition, as the result of the operation, has been restored so that he is able to resume work of the same kind or of the same general character as the work in which he was engaged at the time he received the injuries, for which he was awarded compensation for

total disability and that therefore, it was not necessary, because appellant was suffering from such disability, to furnish or tender him work suited to his condition before filing an application for modification of the award. Assuming for the purpose of this opinion, but not deciding, that appellee is correct in its position, nevertheless, before appellee can be relieved entirely from the payment of compensation, the burden is upon it to prove that appellant's total disability has terminated, and that he is now able to resume work of the same kind or of the same general character as the work in which he was engaged at the time he received the injuries for which he was awarded compensation in the first instance.

Appellee calls our attention to the well established rules, that this court will not weigh the evidence when it is conflicting; that the finding of fact made by the Industrial Board is binding upon this court, if there is any competent evidence to sustain it; and that in examining the evidence for the purpose of ascertaining whether or not it is sufficient to sustain the finding, only that evidence most favorable to the finding can be considered. No one questions these rules. But if the evidence is not conflicting, on any essential element of the case, and an examination of the record discloses that there is no evidence to sustain the finding of fact on which the award is based, then it cannot stand and must be set aside.

With these rules to direct our course, we have examined the record and are unable to find any evidence establishing the fact, or any evidence from which an inference could be reasonably drawn, that appellant's total disability terminated on October 25, 1935, and that he was then able to resume work of the same kind or of the same general character as the work in which he was engaged at the time he received the injuries for which

he was awarded compensation. There is no evidence that appellant's total disability has wholly terminated.

The award of the full Industrial Board from which this appeal is prosecuted is ordered set aside, with instructions that payments be. resumed under the award of July 3, 1934.