## MACE v. ERTEL MACHINE CO.

[No. 16,541. Filed May 10, 1940. Rehearing denied June 19, 1940. Transfer denied September 18, 1940.]

302

*Wilbur A. Royse* and *Owen Boling*, both of Indianapolis, for appellant.

*Matson, Ross, McCord & Ice, James V. Donadio,* and *R. Stanley Lawton,* all of Indianapolis, for appellee.

LAYMON, J.—This is an appeal from an award of the Industrial Board of Indiana denying appellant compensation.

The issues were formed by appellant's application for compensation and the special answer of appellee in three paragraphs; first, general denial; second, that the death of appellant's decedent was due to his intoxication; and, third, that the death of appellant's decedent occurred in the State of Illinois on U. S. Highway No. 24 at a point where railroad tracks intersect said highway, and that the death of the deceased employee was due to his commission of a misdemeanor defined by the statute of Illinois requiring automobiles to stop at railroad crossings. On December 1, 1939, the full board, upon review, found for the defendant (appellee) on its special answer and for appellee upon plaintiff's (appellant's) application and further found that the death of John B. Mace was not the result of an accident arising out of and in the course of his employment with the appellee. The board then entered its award denying compensation. Appellant has appealed and has assigned as error that the award of the full board is contrary to law.

On February 13, 1940, the full board made and entered a corrected award, which, so far as it differs from the first award, is as follows:

"Comes now the defendant as of July 15, 1939, and files its special answer in three paragraphs which is in the words and figures as follows: (H. I.)

"And the Full Industrial Board having heard the argument of counsel, having reviewed the evidence, and being duly advised therein, now finds for the defendant on its first paragraph of answer, in that the injury and death of one John B. Mace, plaintiff's decedent, on March 1, 1939, was not the result of an accident arising out of and in the course of his employment with the defendant.

"And the Full Industrial Board further finds for the defendant on the second paragraph of its special answer, in that the death of the said plaintiff's decedent, John B. Mace, was due to the intoxication of the said John B. Mace.

"And the Full Industrial Board further finds for the defendant on the third paragraph of its special answer, in that the death of said plaintiff's decedent, John B. Mace, was the result of a misdemeanor, in that his death, which occurred at a point on U. S. Highway No. 24 where railroad tracks intersect and pass over said highway, was caused by his violation of a statute duly enacted by the General Assembly of the State of Illinois, same being Article XII, paragraphs 180 and 183 thereof, and also paragraph 137, as pleaded by defendant in paragraph 3 of its answer, which statute requires vehicles to stop and obey railroad crossing signals."

The corrected award was brought to this court as a part of the record in the appeal in response to a writ of certiorari.

Appellant objects to the corrected award upon the ground that the Industrial Board has no power to change or modify its original award except to correct any clerical error or mistake of fact in any finding or award. (§ 40-1410, Burns' 1933.)

In examining the original award and the corrected award it is apparent that the full board, by the latter, did nothing more than to elaborate upon the original award in order to effect a more complete pronouncement of its findings. Under such circumstances, the correction could not affect the substantial rights of the parties and, we think, is within the power authorized by the statute.

Appellant, by proper assignment has presented the sufficiency of the evidence to sustain the findings: (1) that the death of appellant's decedent was not the result of an accident arising out of and in the course of his employment with appellee; (2) that the death of appellant's decedent was due to his intoxication; and (3) that the decedent's death was caused by his violation of a penal statute of the State of Illinois defining a misdemeanor.

Any one of the above findings, if supported by competent evidence, would preclude a recovery and require an affirmance of the award.

Testimony was introduced to show that John B. Mace, appellant's decedent, was employed by the appellee machine company as a traveling salesman and sales manager to call on customers throughout the United States. Appellee furnished him with a 1939 Buick coupe and paid his traveling expenses. In addition, he received a salary of $40 a week. Before leaving on a trip, Mace submitted an itinerary to his employer for approval. This itinerary was subject to change, however, due to delays or to occasions when he departed from his schedule to call on new prospects of whom he had learned. Mace was required to send in a daily report showing his business activities during the day and where he was spending the night. On February 20,

1939, he left Indianapolis for Peoria, Illinois. His schedule took him into Wisconsin and to cities in Minnesota and Iowa and called for him to be in Peoria again on February 28.

Witnesses testified that at about 5:45 on the evening of March 1, 1939, a well-dressed man entered the Krull restaurant in the town of Kentland, Indiana, and first asked for a bottle of beer but changed his order when told that they did not serve beer. The witness Merrill, a patron of the restaurant, testified that the man's face was flushed, he talked loudly and walked with a stagger; that he kept asking the proprietor the way to Indianapolis and removed a diamond ring which he was wearing and asked the restaurant owner to keep it and give it to his son when he came through. Another patron testified that this same man started "various disconnected conversations along different angles" and also offered him his diamond ring. When the stranger went out to get in his Buick coupe he pushed a package off the seat, stepped out to pick it up, knocked his hat off, and when he picked up his hat he dropped the envelope he was carrying. He then came back in the restaurant, shook his finger at the witness Merrill, and directed further conversation toward her. He again went outside, tapped on the window with his ring, and then proceeded to get in his automobile and drive away, turning west on road No. 24 leading to Sheldon, Illinois. The witnesses Merrill and Krull stated that in their opinion the man who entered the restaurant was under the influence of intoxicating liquor.

At about 6 o'clock of the same evening a man conceded to be appellant's decedent drove into a filling station in Sheldon, Illinois, which is about 7 miles west of Kentland, Indiana, and asked the way to Indianapolis three times. He removed his diamond ring and handed

it to the attendant, saying, "See, I have been places," to which the attendant replied, "Yes, I guess so." Mace said: "I am a 32nd'r," and the attendant handed his ring back to him. Mace took several credit cards from his purse which the operator examined and returned, failing to find a card for his company. As he drove away from the station Mace narrowly missed striking a transport truck parked in the drive. He proceeded in the direction of Indianapolis. The witness stated that he detected a slight odor of liquor on decedent's breath.

Another Sheldon service station operator testified that Mace drove into his filling station around 6 o'clock, left the motor of his car running, the door open, and the lights on and went across the street. He was gone 5 or 10 minutes, and during this time one of the attendants moved his Buick coupe, parking it so that it was headed in the direction of Indianapolis. Mace returned muttering about his credit, and when the attendant remarked about a diamond ring on his finger, he removed it and handed it to him, saying, "I suppose you would give me a quart of oil for that." The attendant replied in the affirmative and returned the ring. Mace left and then came back and started to tell the operator a story. "He couldn't remember, just completely left his mind; couldn't tell it." The attendant noticed that he was unsteady, and as he left the station he lurched into a display of oil cans, almost upsetting them. He asked the way to Indianapolis, but on leaving, instead of going south toward Indianapolis he went north.

Between 6 and 6:30 of the same evening, Mace was injured and died as a result of his injuries when he struck the rear of a motor transport conveyor which had stopped at a railroad crossing where flasher signals were operating. The accident occurred approximately

2 miles west of Sheldon on U. S. Highway No. 24 leading to Peoria.

Two occupants of a truck passed by appellant's decedent about a quarter of a mile from the railroad crossing testified that it was near dusk and dark enough to require lights; that the decedent was driving approximately 50 or 55 miles per hour when he passed them and that he did not diminish his speed until he struck the truck; that they observed a train switching at the crossing and could see a transport conveyor coming to a stop just before decedent passed them; that the truck had lights all the way around and at least 7 lights burning on the rear; that the weather was fair and the pavement dry; and that there were no wheel marks or skid marks whatsoever on the pavement after the accident. One of the occupants testified that in his opinion Mace "turned in just a little bit sooner than the average driver" when he pulled back to the right-hand side of the road after passing them.

For several days preceding his death no daily reports had been received from the decedent by the appellee machine company.

Appellant contends that the testimony offered to prove the presence of the deceased employee in the City of Kentland, Indiana, shortly before he was in the City of Sheldon, Illinois, and testimony bearing upon his actions, conduct, and conversation while in the City of Kentland should not be admitted as evidence, due to the failure of the witnesses offering such testimony to identify him as being John B. Mace, appellant's decedent.

Whether or not the person alluded to by the witnesses was appellee's deceased employee was a question of fact, and the testimony is competent if sufficient facts have been established to justify a reasonable

inference that the person described was appellant's decedent. We think that there were sufficient facts established from which it could reasonably be said that the person described as being in the City of Kentland was appellant's decedent.

It was incumbent upon appellant to prove that the death of her husband was due to an accident arising out of and in the course of his employment with the appellee, and the burden of establishing by competent evidence either of the defenses alleged in the second or third paragraphs of answer was upon the appellee.

Considering the evidence most favorable to the award, and in keeping with the rules forbidding the weighing of evidence on appeal and permitting the Industrial Board to determine the facts and to draw all reasonable inferences deducible therefrom, we are compelled to conclude that the finding of the board that the death of appellant's decedent was not due to an accident arising out of and in the course of his employment with appellee but was due to his intoxication is supported by sufficient evidence.

Award affirmed.

Dudine, J., concurs.

NOTE.—Reported in 27 N. E. (2d) 85.

### CONCURRING OPINION

DUDINE, J.—I concur in the opinion of the court in this cause in all respects except the statement in the opinion to the effect that the Industrial Board was authorized by statute to enter its finding and award dated February 13, 1940 as a "corrected award." It is my opinion that the Industrial Board did not have such power.

NOTE.—Reported in 27 N. E. (2d) 910.