BUNDY *v.* CONCRETE READY-MIX CO.

[No. 19,330. Filed May 19, 1960.]

*Theodore J. Smith,* of Lafayette, for appellant.

*Cable G. Ball,* of Lafayette, and *Tony Foster,* of Indianapolis, for appellee.

GONAS, J.—Appellant in this cause was plaintiff below. He filed a form nine (9) application for adjustment of claim for compensation per §40-1201 *et seq.,* Burns' 1952 Repl.; §40-1509, Burns' 1952 Repl.; which alleged, in substance, that on November 26, 1957, he was employed by defendant appellee, Concrete Ready-Mix Company, in unloading cement from a Monon Railroad freight car. While engaged in this task, appellant alleges he received injuries by reason of an accident arising out of and in the course of his employment.

Appellant stated the door of the rail car was stuck, and when he forced it open, he suffered severe chest pains and pain in both arms. He also experienced vertigo and nausea.

Appellant went upstairs to the company office and notified his employers of his accident. He returned downstairs for a breath of air and his employers came out from the office to inquire about him. He then went home and called a doctor.

Appellant required the services of a doctor and surgical treatment as well as incurring expenses for hospital services and supplies. None of the above were furnished by the employer, Concrete Ready-Mix Company.

The nature of the injury was diagnosed as a heart attack, specifically, an acute posterior myocardial infarction. Appellant claims he is totally disabled and will be incapacitated to this degree for an indefinite period of time. Appellant was fifty-six (56) years of age at the time of the accident. He further alleges he has been unable to earn anything since the injury and has received no compensation from the appellee.

Appellant's average weekly earnings at the time of the injury were approximately one hundred ($100.00) dollars per week. In his claim appellant seeks one thousand ($1,000.00) dollars medical care and expenses and thirty-six ($36.00) dollars per week for five hundred (500) weeks total disability.

The full Industrial Board found that the appellant did not have an accidental injury arising out of and in the course of his employment with Concrete Ready-Mix Company, but that he was suffering from a myocardial infarction which was unrelated to his employment.

On August 25, 1959, a petition was filed by Earl Gilbert, Earl Gilbert, Jr., and Robert Gilbert as partners, d/b/a Concrete Ready-Mix Company. Their petition requested that they be named party appellees under special appearance for the purpose of filing their verified motion to dismiss the appeal and brief in support thereof, or in the alternative, in the event the first request was denied, or if granted that the motion to dismiss be denied, and asked leave to file a brief on the merits of the appeal.

Permission was granted to the above-named to be made party appellees on November 24, 1959. However, their petition to file a special appearance for the purpose of filing the motion to dismiss the appeal was denied. Appellees were then granted leave to file a brief

on the merits and were allowed up to and including December 24, 1959, to file this brief.

Appellee has filed no brief on the merits. However, this appeal may be considered on the merits even though appellee has not filed a brief. *Finney* v. *Estate of Carter etc.* (1960), 130 Ind. App. 381, 164 N. E. 2d 656. *State of Indiana* v. *Howe* (1953), 231 Ind. 645, 110 N. E. 2d 633. Failure by appellee to file such brief may warrant a reversal if appellant's brief makes an apparent or prima facie showing of reversible error. *Finney* v. *Estate of Carter etc., supra.*

In examining the evidence for the purpose of ascertaining whether it is sufficient to sustain the finding of the Industrial Board in compensation proceedings, this court will not weigh the evidence. Only the evidence most favorable to the finding can be considered. *Earhart* v. *Cyclone Fence Co.* (1936), 102 Ind. App. 634, 4 N. E. 2d 571; *Mace* v. *Ertel Machine Co.* (1940), 108 Ind. App. 301, 27 N. E. 2d 85.

The following are pertinent parts of the testimony of Dr. Robert Bolin, a medical witness.

*DIRECT EXAMINATION:*

Q. "Did you find any evidence of anything unusual with respect to the condition of his heart?

A. The only abnormality would be the left bundle branch block.

Q. Did you find anything with respect as to whether that had been there for a short or long time?

A. Well, you have no way of telling whether it had been there for a short period or a very long period of time.

Q. Did you find he suffered from heart disease?

A. Yes, the left branch, the left bundle block which is associated with any type of heart disease and is a sign per se of any one heart

disease. It can be most any kind or type heart disease.

Q. And is that possible for it to occur in natural causes?

A. Yes, sir.

Q. And could that occur without any incident to a person at all?

A. Yes, sir."

*CROSS EXAMINATION:*

Q. "I will ask you, Doctor, if physical strain or extra ordinary strain can cause that.

A. That is a question which has been debated by many people. It is felt particularly in people under 40 it does ease with exercise. After 40, it isn't quite so definite on a statistical basis, perhaps 60% who regain from it would feel it is. Some would not.

Q. Then, if that be true, that there is a school of authority on the fact that heavy exertion can cause the myocardial infarction, then the heavy exertion described by the plaintiff might well have been responsible for his heart attack. Is that right?

A. That type of physical strain could produce myocardial infarction."

Dr. Bolin further testified to the effect that the symptoms of myocardial infarction are, primarily, pain located in the chest and both arms, as well as shortness of breath, weakness and nausea.

The question in this case appears to be somewhat similar to that presented in *U. S. Steel Corporation* v. *Dykes* (1958), 238 Ind. 599, 157 N. E. 2d 111. The Indiana Supreme Court, in that case held that "the decedent was afflicted with a diseased heart and coronary system which had deteriorated to the point where it could no longer stand the load imposed upon it by his regular and usual work and that his death resulted solely from coronary arteriosclerosis

progressing gradually to the point where it caused his death." The court also stated that "the mere showing that he was performing his usual, routine, every-day task where he suffered a heart attack does not establish a right to Workmen's Compensation because there was no event or happening beyond the mere employment itself."

The Court further stated that "the uncontradicted evidence here is that decedent's heart was steadily and surely losing its functional ability, but there is no evidence whatever of any increase in the work load or of any extra exertion. In fact, the unchallenged evidence is that the work load was lighter on the morning of the fatal attack."

It is to be noted here that Dr. Bolin said that appellant "suffered" from a heart disease. From such testimony the Board could have reasonably drawn two inferences. One, that he had so suffered from a heart disease in the past and the other, that he now so suffered. The Board had a right to draw either or both inferences. The physician said that it was debatable, that the physical strain could have caused the attack. However, he did not say that it did cause the attack.

The case now before us is not comparable on the facts to *U. S. Steel Corporation* v. *Douglas* (1955), 125 Ind. App. 212, 123 N. E. 2d 899. In the Douglas case there was evidence that the decedent's pre-existing heart trouble was aggravated by an unusual exertion occasioned by an increased work load on the morning of his fatal heart attack.

In the aforesaid Dykes case the Supreme Court seems to imply that heart trouble, even pre-existing heart trouble, which is aggravated by unusual exertion due to a heavy work load might be compensable. However, in the case at bar, there is evidence from which the Board

could infer the existence of a pre-existing heart disease but there is no finding by the Board that appellant had suffered any unusual strain or exertion which precipitated appellant's attack. It is further stated in the Dykes case that the fatal heart attack could have occurred at any time because of the extent of the deterioration of decedent's heart. In the present case, the physician's testimony is that appellant's heart condition could occur in natural cause and without incident. Thus, appellant failed to establish the element of causation that is, that his disability resulted from or was occasioned by his employment.

In the case at bar there is no conclusive evidence that any strain or exertion *caused* or *led* to appellant's heart condition. The evidence is such as to support the conclusions reached by the Board.

The evidence here is susceptible to different inferences. To reverse the Board it is incumbent upon the appellant to establish that the evidence is capable of only *one* inference which leads to but *one* conclusion which in turn must be contrary to the conclusion reached by the Board. This appellant has failed to do. The statute (§40-1512, Burns' 1952 Repl.) provides that the finding of the Board is conclusive upon the court as to all questions of fact. *Russell* v. *Johnson* (1943), 220 Ind. 649, 46 N. E. 2d 219.

The judgment of the Industrial Board is affirmed.

Kelley, J., and Bierly, J., concur.

Smith, J., dissents.

NOTE.—Reported in 167 N. E. 2d 477.