## ANNE PIANI *v.* DISTRICT FIFTY: UNITED MINE WORKERS OF AMERICA

[No. 268A31. Filed December 2, 1968. No Petition for Rehearing filed.]

*Kizer & Neu,* of Plymouth, and *David L. Matthews,* of South Bend, for appellant.

*Spangler, Jennings, Spangler & Dougherty,* by *Samuel J. Furlin,* of Gary, for appellee.

PRIME, J.—An action was commenced before the Industrial Board by Appellant seeking compensation for the death of her husband. The hearing officer ruled that the death arose out of and in the course of decedent's employment. The full Board reversed this award.

Louis Piani, Appellant's decedent, was employed by the United Mine Workers as a field representative. His duties included attending meetings, conferences, assisting on dis-

putes and grievances, wage agreement negotiations, and attending conferences and conventions.

For many years the decedent had been afflicted with silicosis, which resulted in pulmonary fibrosis (scarring of lung tissue) and chronic corpulmonali (thickening of the right side of the heart-hypertrophy). He succumbed to acute heart failure and respiratory failure while attending a convention in Washington, D. C.

To resolve the dispute over compensability, we follow a rather clear test:

"Is the evidence competent to show that decedent died as a result of an accident arising out of and in the course of his employment or that there was a causal connection between his heart attack and his employment? The causal question here is: Was the inability of of decedent's heart to meet the demands, i.e., the 'coronary insufficiency' caused by a change, i.e., an increase in the work load beyond the heart's ability to function, or by a decrease in the heart's ability to meet an unchanged demand? The 'cause' is that which has changed, not that which remains constant." *U. S. Steel v. Dykes* (1958), 238 Ind. 599, 608, 154 N. E. 2d 111, 116.

The only evidence of extraordinary exertion by decedent was testimony that he had walked up a hill the equivalent of several stories in height. Implicit in the full Board's reversal is a finding that this is not such an increase in work load as is contemplated by the *Dykes* test. We will not disturb the Board's ruling unless appellant shows that the evidence leads inescapably to one conclusion and the Board ruled contrary. *Bundy v. Concrete Ready-Mix* (1960), 130 Ind. App. 542, 167 N. E. 2d 477.

Stated conversely, if there is some competent evidence to support the full Board's decision, that decision is binding upon this Court. *E. Rauh & Sons v. Adkins* (1955), 126 Ind. App. 251, 129 N. E. 2d 358.

The decision of the full Board is affirmed.

Carson, C. J., Cooper, J., concur.

Faulconer, J., concurs in result.

NOTE.—Reported in 242 N. E. 2d 35.