GARY TRANSIT, INC. AND GARY INTERCITY LINES, INC. *v.*
THE PUBLIC SERVICE COMMISSION OF INDIANA.

[No. 2-373A81. Filed July 24, 1974.]

*Porter R. Draper, Elsie C. Draper, Draper & Draper,* of Gary, *Alan E. O'Connor,* of Gary, for appellants.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee Public Service Commission, *Donald W. Smith,* of Indianapolis, for Andrew P.

Will, Inc. and Barker's School Bus Service, Inc., applicants below.

STATON, J.—The Public Service Commission of Indiana denied a petition to intervene filed by Gary Transit, Inc. and Gary Intercity Lines, Inc. They sought to intervene in the motor carrier hearing which was considering the application of Andrew P. Will, Inc. to sell and transfer a certificate of public convenience and necessity to Barker's School Bus Service, Inc. The petition to intervene was filed on the first day of the hearing instead of five days prior to the scheduled hearing as provided by Commission Rule IX (b). Gary Transit, Inc. and Gary Intercity Lines, Inc. raise three issues in their appeal to this Court:

*Issue One:* Did Andrew P. Will, Inc. and Barker's School Bus Service, Inc. waive their right to object by failing to make a motion to strike?

*Issue Two:* Did the Commission have a duty to permit intervention when an allegation of fraud was made in the petition to intervene?

*Issue Three:* Was the Commission's denial of the petition to intervene arbitrary and capricious?

Our review of these issues concludes that Issues One and Two are without merit and that the Public Service Commission did not abuse its discretion when it denied the petition to intervene. We affirm.

I.

HEARING AND RULING

Andrew P. Will, Inc. filed an application on November 16, 1972, to sell and transfer certificate number 8952-A,1 to Barker's School Bus Service, Inc. The certificate permitted Andrew P. Will, Inc. to provide special and chartered bus services to schools, boy scouts, churches and church societies over all federal, state and county highways in the State of Indiana.

Public notice of the January 11, 1973, hearing was published in two Lake County newspapers and in two Indian-

apolis newspapers. IC 1971, 8-1-1-8 (Burns Code Ed.). On the first day of the scheduled hearing, Gary Transit, Inc. and Gary Intercity Lines, Inc. filed a "Petition for Leave to Intervene, Become a Party and Protest Transfer of Certificate."[1] The following objection was made to the petition:

> "We object to the intervention. . . . The main objection, and I have been put on notice of the same, is that the petitioners intend to cause ultimate delay through appeal of this matter regarding the outcome of the Commission's decision. . . .
>
> "I don't think there are any grounds for the intervention; at least not on the grounds that counsel was too busy to file the protest. Then we might as well do away with the rule."

Gary Transit, Inc. and Gary Intercity Lines, Inc. replied that they had not complied with Rule IX (b) because their counsel had been preoccupied with other proceedings before the Public Service Commission.

Rule IX (b) provides:

> "(b)  Intervening petitions shall be filed not less than five (5) days prior to the date set for the initial public hearing and may be filed thereafter only with the consent of the Commission, presiding commissioner, deputy commissioner, or examiner." Indiana Administrative Rules and Regulations § (54-401)-9 (b) (Burns 1973 Supp.).

The hearing examiner granted the petition to intervene. As provided under Commission Rule XVII (f), this ruling was appealed to the Commission and reversed. Indiana Administrative Rules and Regulations § (54-401)-17 (f) (Burns 1973 Supp.).

## II.
## MOTION TO STRIKE

Gary Transit, Inc. and Gary Intercity Lines, Inc. contend that no objection was made to their petition to intervene and

---

1. Argument in Appellants' Brief refers only to Commission Rule IX. Any error which may be contended as to Commission Rule X has consequently been waived.

that no motion to strike was made; therefore, the five day requirement was waived. We disagree.

At pages 27, 28 and 29 of the transcript, a very long objection to the petiton is made by Mr. Donald W. Smith, counsel for Andrew P. Will, Inc. and Barker's School Bus Service, Inc. A more careful reading of the transcript might have eliminated this contention.

*Carpenter* v. *Goodall* (1969), 144 Ind. App. 134, 244 N.E. 2d 673 is relied upon to support the contention that a motion to strike is necessary. *Carpenter* v. *Goodall, supra,* is a paternity case handed down by this Court before the 1970 Indiana Rules of Procedure became effective. Pre-1970 rules of procedure could not possibly be applicable to a sale and transfer petition filed on November 16, 1972. These suppositions all presuppose that court rules of procedure are applicable to administrative proceedings. Writing for the Supreme Court of Indiana in *Clary* v. *National Friction Products* (1972), 259 Ind. 581, 290 N.E.2d 53, 55, Justice Prentice observed:

> "Each of the several administrative agencies is a creature of the Legislature. The procedures to be followed in presenting matters to these agencies and in appeals therefrom are specifically set out in the statutes pertaining to each. The rules of trial procedure, which, as stated in Trial Rule 1, govern the procedure and practice in all courts of the state of Indiana are not applicable to proceedings before the administrative agencies nor to the proceedings requisite to invoking the jurisdiction of reviewing judicial authority."

IC 1971, 8-1-2-47 (Burns Code Ed.) provides:

> "The Commission shall have the power to adopt reasonable and proper rules and regulations relative to all inspections, tests, audits and investigations and to adopt and publish reasonable and proper rules to govern its proceedings, and to regulate the mode and manner of all investigations of public utilities and parties before it. . . ."

Commission Rule XI (a) (1) provides that "Parties may file motions: (1) to strike any insufficient claim or defense.

. . ." Indiana Administrative Rules and Regulations § (54-401)-11(a). This rule obviously refers to insufficient claims or defenses of record which have not previously been brought to the attention of the Commission by an objection.

> We find no merit to the contention that a motion to strike should have been filed in addition to the objection made at the hearing to avoid a waiver.

### III.
### FRAUD

The underpinning of the fraud contention is IC 1971, 8-2-7-23(e) (Burns Code Ed.) which provides:

"(e)  Any person, organization, or body politic may complain in writing to the commission that any rate, fare, charge, tariff, classification, rule, regulation or practice in effect, or proposed to be put in effect by any carrier or carriers subject hereto, is, or will be, in violation of any section or sections of this law, and when such complaint is made it shall be the duty of the commission, after due notice to such carrier or carriers complained of to hear such complaining parties. . . ."

This statute clearly contemplates a separate and distinct hearing upon a fraud complaint. The complaint hearing is not an adjunct to a hearing on other matters coming before the Public Service Commission. The Public Service Commission has continuing jurisdiction over the carriers and their certificates.

Assuming *arguendo* that the petition to intervene was a complaint of fraud, it would not be an absolute right to intervene in a hearing upon the sale and transfer of a certificate. The statute requires that the complaint be heard ". . . after due notice to such carrier. . . ." Due notice was not given in the present case.

The complaint of fraud is that Andrew P. Will, Inc. ". . . falsely representing to the Commission that it was solely interested in providing services to the Evansville, Indiana, area, Will was able to suppress his real intention and deny

notice to Transit that its rights were involved." The geographical area recited in the certificate expressly contradicts the allegation of fraud.

We find no error.

## IV.
## ARBITRARY AND CAPRICIOUS

Gary Transit, Inc. and Gary Intercity Lines, Inc. finally contend that the ruling of the Public Service Commission was arbitrary and capricious. This Court has defined arbitrary and capricious administrative action as:

". . . willful and unreasonable action, without consideration and in disregard of the facts and circumstances of the case; action taken without some basis which would lead a reasonable and honest man to such action." *State Bd. of Tax Com'rs.* v. *Chicago, Milwaukee, St. Paul & Pacific Railroad Co.* (1951), 121 Ind. App. 302, 309, 96 N.E.2d 279, 282.

See also *Hatcher* v. *Smith* (1972), 152 Ind. App. 299, 283 N.E.2d 582 and *Kinzel* v. *Rettinger* (1972), 151 Ind. App. 119, 277 N.E.2d 913. The granting or denial of petitions to intervene is strictly within the discretion of the Public Service Commission. Rule IX(b). See also, Davis, ADMINISTRATIVE LAW TREATISE, Vol. 1, § 8.11 (1958) and Cooper, STATE ADMINISTRATIVE LAW, Vol. 1 at 325 (1965). The Commisison is not bound by rulings of examiners when there is an appeal under Rule XVII (f). *Odle* v. *Public Service Commisison of Indiana* (1973), 156 Ind. App. 538, 297 N.E.2d 453; also see IC 1971, 8-2-7-6 (Burns Code Ed.). However, the Commission is not free to ignore established rules of procedure. *Davidson* v. *Review Bd. of the Indiana Employment Sec. Div.* (1974), 160 Ind. App. 221, 311 N.E.2d 472.

At pages 69-70 of their brief, Gary Transit, Inc. and Gary Intercity Lines, Inc. urge a liberal approach to the granting of petitions to intervene:

"In judicial proceedings, as opposed to this particular administrative proceeding, intervention is welcomed, not brushed aside; liberally permitted, not denied.

"For example, note the following typical quotation from a case decided by the Indiana Supreme Court:

'Because courts look with favor upon intervention in proper cases, a trial court should be liberal in permitting parties to intervene under proper circumstances.' *Gibault Home for Boys* v. *Terre Haute First National Bank, et al.,* (1949) 227 Ind. 410, 85 N.E.2d 824;"[2]

A liberal approach under proper circumstances does not eliminate discretion. The phrase "under proper circumstances" implies discretion. 12A WORDS AND PHRASES *Discretion* at 336 (1954). An attempt is being made to equate a liberal approach with an absolute right to intervene. The attempt must fail. The argument posed to this Court is premised upon an abuse of discretion by arbitrary and capricious action. The discretionary power of the Commission to rule upon the petition is admitted. Rule IX (b) is by its own terms discretionary.

Our examination of the record does not disclose any abuse of discretion by the Public Service Commission. No arbitrary or capricious action by the Commission has been brought to our attention.

*Boone County REMC* v. *Public Service Commission of Indiana* (1959), 239 Ind. 525, 533; 159 N.E.2d 121, 124, is dispositive of this untimely petition to intervene. Here, our Supreme Court of Indiana stated:

". . . [A] party asking to intervene must exercise diligence. . . . A party may not sit by after notice of an opportunity to oppose an action and claim error. . . ."

We affirm.

Hoffman, C.J. and Garrard, J., concur.

NOTE.—Reported at 314 N.E.2d 88.

2. We agree with the principle recited; however, the quotation does not appear in the case cited: *Gibault Home for Boys* v. *Terre Haute First National Bank, et al.* (1949), 227 Ind. 410, 85 N.E.2d 824.