MOTOR DISPATCH, INC. *v.* BARBARA SNODGRASS, WAYMON AND MARJORIE AUSTIN.

[No. 2-1174A272. Filed May 10, 1977.]

*Michael V. Gooch, Harrison, Moberly & Gaston,* of Indianapolis, for appellant.

*John H. Baldwin,* of Indianapolis, for appellee Snodgrass.

WHITE, J.—This is the second appeal of this case.[1]

Appellee Barbara Snodgrass' husband, Jerry Leon Snodgress, was fatally injured while driving a truck owned by Waymon Austin and Marjorie Austin and under trip-lease to appellant Motor Dispatch, Inc. On behalf of herself and children she successfully claimed compensation from both the Austins and Motor Dispatch. On the latter's appeal the Third District of this court affirmed the award on September

---

1. See *Motor Dispatch, Inc.* v. *Snodgrass* (1973), 157 Ind. App. 591, 301 N.E.2d 251.

19, 1973, but remanded the case to the Industrial Board of Indiana "with instructions to determine the respective liability of both employers under ·said Section 40-1414", now § 22-3-3-31 Ind. Ann. Stat. (Burns Code Ed., 1974), which reads:

> "Whenever any . employee for whose injury or death compensation is payable under this act [22-3-2-1—22-3-6-3] shall at the time of the injury be in the joint service of two [2] or more employers subject to this act, such employers shall contribute to the payment of such compensation in proportion to their wage liability to such employees: Provided, however, That nothing in this section shall prevent any reasonable arrangements between such employers for a different distribution as between themselves of the ultimate burden of compensation. [Acts 1929, ch. 172, § 49, p. 536.]" *Motor Dispatch, Inc.* v. *Snodgrass* (1973), 157 Ind. 591, 301 N.E.2d 251.

Pursuant to the remand, the Board made the following pertinent findings and award:

> "It is further found that there were no separate or distinct wage agreements between the co-employers.
>
> "It is further found that consideration to plaintiffs' decedent, by arrangement, would have been paid by Motor Dispatch, Inc. through Wayman Austin on the following weekend.
>
> "It is further found that Motor Dispatch, Inc. is responsible for the full recovery hereunder.

"A W A R D

> "IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Full Industrial Board of Indiana that the plaintiffs, Barbara Ann Snodgrass, Ginger Renee Snodgrass and Sheryl Lynn Snodgrass, shall have and recover of and from the defendant, Motor Dispatch, Inc., compensation at the rate of $57.00 per week for a period of 500 weeks, but not to exceed the total sum of $25,000.00; said compensation to begin on May 21, 1971, and to· continue until otherwise terminated in accordance with the provisions of the Workmen's Compensation Act of Indiana.
>
> "It is further ordered that all accrued payments shall be brought up to date, paid in cash and in a lump sum without the deduction of interest.

"It is further ordered that compensation for the minor children, Ginger Renee Snodgrass and Sheryl Lynn Snodgrass, shall be paid to Barbara Ann Snodgrass, their mother and natural guardian.

"It is further ordered that all compensation by virtue of this award shall be paid direct to plaintiffs except as hereinafter ordered.

"It is further ordered that the fees of the plaintiffs' attorney, shall be: a minimum of $25.00 and, in addition thereto: 20% upon the first $1,000 recovered; 15% upon the second and third $1,000 recovered; and 10% upon all sums recovered in excess thereof; said fees to be paid by the defendant, Motor Dispatch, Inc., direct to plaintiffs' attorney, JOHN H. BALDWIN, with credit to the defendant against the compensation herein awarded plaintiff for all sums paid out as attorney fees in accordance with this award."

Appellant Motor Dispatch, Inc. contends in this second appeal that the Board's second decision is not supported by specific findings of fact and is contrary to law because Motor Dispatch had no wage liability to decedent, Jerry Leon Snodgrass. The views expressed in the opinion rendered in the first appeal of this case are binding on us in the disposition of this second appeal. That opinion established that at the time of his fatal injury the plaintiff-appellee's decedent, Jerry Leon Snodgrass, was in the joint service of defendant-appellant Motor Dispatch, Inc. and defendant-appellee Waymon Austin and that it was the duty of the Industrial Board to determine the respective liability of the two employers under what is now Ind. Ann. Stat. § 22-3-3-31 (Burns Code Ed., 1974) which provides that "such employers shall contribute to the payment of such compensation in proportion to their wage liability to such employees." On remand the Board made no express finding of the respective wage liability of these two employers to the decedent but found

". . . that there were no separate or distinct wage agreements between the co-employers.

". . . that consideration to plaintiff's decedent, by arrangement, would have been paid by Motor Dispatch, Inc., through Waymon Austin on the following weekend."

As explained by the evidence, those enigmatic findings mean that at the time of his fatal accident decedent was operating employer Waymon Austin's truck for employer, Motor Dispatch, Inc., under a written "trip-lease" which decedent executed as Austin's agent and which provided for Motor Dispatch to pay a stated sum to Austin for the use of the truck and driver to transport a cargo to its destination, but which made no provision for anyone to pay decedent anything for his service as driver. However, there was a wage arrangement between Austin and decedent whereby Austin paid decedent twenty-five percent of the truck's earnings each week and Austin retained the rest, less trip expenses. Thus, as in any successful business, the wages Austin paid his employee came from the money paid to him by his customer, Motor Dispatch, but there is no evidence of wage liability by Motor Dispatch to decedent.

It is true, of course, that the trip lease agreement gave Motor Dispatch sufficient right of control over decedent driver to justify the finding that Motor Dispatch was a joint employer with Austin, but nothing in the evidence made Motor Dispatch responsible for decedent's wage. Under the undisputed evidence the only wage liability to decedent was Austin's. (E.g., if decedent had lived and Austin had not paid him his twenty-five percent for that week, he would have no cause of action to recover it from Motor Dispatch.) Under these facts § 22-3-3-31 makes it Austin's duty, at least as between Austin and Motor Dispatch, to contribute 100% to the payment of compensation to decedent's dependents. Whether the apportionment provisions of § 22-3-3-31 also apply as between Motor Dispatch and decedent's dependents is a question we have not been asked to decide. We therefore express no opinion as to whether Motor Dispatch is secondarily liable in event execution against Austin should be returned unsatisfied.

The award of March 9, 1974, is reversed and the case is remanded to the Board with instructions to make specific

findings of fact and to enter a new award based thereon and not inconsistent with the views expressed herein.

Reversed and remanded.

Sullivan, J., concurs.

Buchanan, P.J., dissents with opinion.


DISSENTING OPINION

BUCHANAN, P.J.—I dissent from the majority for the following reason:

The Industrial Board's decision that Motor Dispatch had wage liability for Jerry Snodgrass, and therefore sole liability for death benefits, is not contrary to law.

When the first appeal was taken in this case in 1973, the Board found that the Austins and Motor Dispatch were co-employers of Jerry Snodgrass at the time of his death and remanded the cause with instructions to the Board to determine their respective wage liability under IC 22-3-3-31.

The Board, in the exercise of its decision-making power, found that only Motor Dispatch had wage liability. The Board is the fact finder and we should defer to its judgment unless we find an error of law. *Pollack* v. *Studebaker Corp.* (1952), 230 Ind. 622, 105 N.E.2d 513; *Board of Commissioners* v. *Dudley* (1976), 167 Ind. App. 693, 340 N.E.2d 808; *Page* v. *Board of Commissioners* (1973), 155 Ind. App. 215, 292 N.E. 2d 254; *U. S.* v. *Fiberglass Industries* v. *Uland* (1965), 137 Ind. App. 278, 206 N.E.2d 385.

IC 22-3-4-8 bestows on the Board the conclusive power to determine facts:

An award by the full Board shall be conclusive and binding as to all questions of (the) fact, but either party to the dispute may  .  .  .  appeal to the Appellate Court [Court of Appeals] for errors of law under the same terms and conditions as govern appeals in ordinary civil actions.

Whether the Board makes an original, factual determination or redetermines the factual basis for an award as it was

directed to do by this court in the previous appeal, would appear to be of little consequence. Our role in either event is limited:

> To reverse the Board it is incumbent upon the Appellant to establish that the evidence is capable of only *one* inference which leads to but *one* conclusion which in turn must be contrary to the conclusion reached by the Board. This Appellant has failed to do. The Statute . . . provides that the finding of the Board is conclusive upon the Court as to all questions of fact. (Citation omitted) *Bundy* v. *Concrete Ready-Mix Co.* (1960), 130 Ind. App. 542, 548, 167 N.E.2d 477, 480-481.

If there is any competent evidence to support the Board's decision, we must do so. *DeMichaeli* v. *Sanders* (1976), 167 Ind. App. 669, 340 N.E.2d 796; *Page* v. *Board of Commissioners, supra; Bundy* v. *Concrete Ready-Mix Co., supra;* B. SMALL, INDIANA WORKMEN'S COMPENSATION LAW, § 12.14 (1950).

There *is* evidence in the record supporting a reasonable inference that Snodgrass' only compensation came from a percentage of the proceeds he received from his hauls . . . in this case a percentage of what would have been received under the provisions of the trip lease with Motor Dispatch. From this evidence, the Board made a factual determination that Motor Dispatch had total wage liability.

Admittedly, the Board's finding that . . . "consideration to plaintiff's decedent, by arrangement, would have been paid by Motor Dispatch, Inc. through Waymon Austin on the following week-end" lacks desirable specificity, but it is adequate to form a basis for appellate review under these circumstances.

Thus, we should be bound by the Board's determination that Motor Dispatch has sole wage liability and affirm their decision.

NOTE.—Reported at 362 N.E.2d 489.