**HIDDEN VALLEY LAKE PROPERTY OWNERS ASSOCIATION, Appellant (Intervenor Below)**

v.

**HVL UTILITIES, INC., Appellee (Petitioner Below),**

**Public Service Commission of Indiana, Appellee.**

No. 2–182A38.

Court of Appeals of Indiana, Fourth District.

Nov. 16, 1982.

Paul Hirsch, Stan B. Hirsch, Haymaker, Hirsch & Fink, Indianapolis, for appellant.

Leslie Duvall, Duvall, Bell, Babcock & Payne, Indianapolis, for appellee.

CONOVER, Judge.

Hidden Valley Lake Property Owners Association, appellant, appeals the order of the Public Service Commission of Indiana dismissing the application of Hidden Valley Lake Utilities, Inc., appellee, for a certificate of public convenience and necessity.

In August, 1973, Hidden Valley Lake Utilities, Inc. (HVL Utility) filed a petition with the Public Service Commission (PSC) seeking a determination of public convenience and necessity to render water utility service to certain rural areas in Dearborn County. In December, 1973 Hidden Valley Lake Property Owners Association (HVL Owners) comprised of property owners in the area being considered for utility service, filed a petition to intervene before the commission and compel Hidden Valley Lake Developers (HVL Developers) to appear in the matter.

On June 14, 1974, the Commission issued its order authorizing HVL Utilities to deliver water services to the subdivision. On August 19, 1980, the Court of Appeals remanded the decision of the Commission for further fact finding. *Hidden Valley Lake Property Owners Association v. Hidden Valley Lake Utilities, Inc.,* (1980) Ind.App., 408 N.E.2d 622. Petitions to rehear, 411 N.E.2d 1262, and transfer the case to the Supreme Court were subsequently denied.

The Commission held further hearings on the matter in June, 1981. In November, 1981 the Utility filed a motion to dismiss the petition pending before the Commission. That motion was granted and the petition was dismissed by the PSC.

ISSUE

Did the Public Service Commission improperly dismiss the petition of Hidden Valley Lake Utilities?

Reversed.

DISCUSSION AND DECISION

The Owners' argument is two pronged. They posit the dismissal was erroneously granted because the PSC either exceeded the scope of its authority under applicable administrative rules or failed to comply with the order of this court remanding a prior PSC decision for further fact finding.

When a decision of the Court of Appeals orders a case remanded for further action by a lower court or administrative body the Court retains jurisdiction of the matter to insure the order of the court is complied with. *Skendzel v. Marshall,* (1975) 263 Ind. 337, 330 N.E.2d 747. Any action taken upon remand must conform to the opinion and order promulgated by the Court of Appeals. *Motor Dispatch, Inc. v. Snodgrass,* (1977) 173 Ind.App. 68, 362 N.E.2d 489.

When an appeal is remanded for further fact finding it is necessary for the administrative agency to comply with our order. As we cannot make an independent assessment of the facts, *Odle v. Public Service Commission of Indiana,* (1973) 156 Ind. App. 538, 297 N.E.2d 453, the ultimate disposition of the appeal remains in abeyance until the lower body complies with our order. A remand does not, as the Utility suggests, return the case to the status quo ante.

Upon remand, some discretion is vested in the lower court, depending upon the circumstances of the case and the terms of the opinion ordering further action. Therefore, an order to "take further action consistent with the opinion" does not mandate any particular action, but requires action consistent with the terms of the opinion. *State ex rel. Standard Oil Co. v. Review Board of Indiana Employment Security Division,* (1951) 230 Ind. 1, 101 N.E.2d 60, 62. In light of the foregoing discussion it is necessary to examine the original opinion in this matter to determine the scope of permissible action on remand.

Hidden Valley Lake (HVL) is a 3,000 lot subdivision located in Dearborn County. In the land sale contract each buyer agreed to pay set fees for delivery of water and sewer services by the developer. All lot owners paid a water availability fee equal to the monthly water use fee, regardless of whether or not they hooked up to the sewer and water lines. As water and sewer lines were installed ownership was transferred to HVL

Utilities, a wholly owned subsidiary of HVL Developers.

In August 1973, HVL Utilities applied for a certificate of public convenience and necessity. Lot owners formed an association, HVL Owners, and petitioned the Public Service Commission to intervene and join HVL Developers as a party to the application proceeding. HVL Owners sought to have HVL Developers declared a utility and force inclusion of the water availability fee in determining the rate structure.[1] Evidence was presented to the PSC and HVL Utilities was issued a certificate of public convenience and necessity. The PSC made the following findings:

3. That the evidence in this cause does not establish whether or not Hidden Valley Lake, Inc., is a "public utility" within the meaning of I.C.1971 8–1–2–1. We therefore can not make a finding that Hidden Valley Lake, Inc., is a public utility and therefore cannot consider the question of whether the availability charge and connection fee provided for in the sale contracts and/or deeds issued by Hidden Valley Lake, Inc., are within our jurisdiction pursuant to I.C.1971 8–1–2–38, 42 and 44.

4. That we do not express any opinion on the availability charge and water connection fee provided by the Hidden Valley Lake, Inc., sale contracts and/or deeds with respect to the Intervenors and other landowners in the affected area. Absent a finding that these charges are rates within the meaning of I.C.1971 8–1–2–38 of a public utility as defined in I.C.1971 8–1–2–1 (a finding which we cannot make on the basis of the evidence in the record of this cause), any solution of these questions concerning the contractual obligation and limitations arising from said contracts and/or deeds between Hidden Valley Lake, Inc., and the Intervenors are best left to a court of competent jurisdiction.

5. That the relief sought by the Intervenors in their petition to intervene should be denied and it will be so ordered.

6. That the Applicant herein is an Indiana corporation with lawful power and authority to install, operate and maintain a water utility system and to apply for and hold a certificate of convenience and necessity to render such service; and that Applicant has the power and authority to render said service within the rural area of Dearborn County, Indiana, more particularly described in Appendix A, attached hereto and made a part hereof.

7. That Applicant is operating a water utility service as a public utility and is subject to the jurisdiction of this Commission.

8. That all of the capital investment in the initial plan of Applicant's water utility distribution system in the amount of $234,000.00 has been contributed by Hidden Valley Lake, Inc., the development company, and that all of said contributed plant is now owned by the Applicant, HVL Utilities, Inc.

9. That Applicant, HVL Utilities, Inc., will render water distribution service to a rural real estate subdivision known as Hidden Valley Lake; that the area Applicant proposes to serve is outside the limits of any municipality and of any area now receiving service; that there is no evidence indicating that any other individual, corporation, or municipality is in a position to render water utility service to the area for which certification is sought herein; and that public convenience and necessity require the rendering of such water utility service in the area which Applicant seeks to serve.

HVL Owners appealed and this court found several errors in the decision of the Commission related to the PSC's failure to make specific findings of fact. We held the PSC had to make one of the following conclusions:

1. HVL Developer is a public utility.

2. HVL Developer is not a public utility.

1. The evidence showed co-mingling of utility functions between HVL Developer and HVL Utility. Also, HVL Developer expected to have income of approximately $120,000 per year from water related fees not paid to HVL Utility.

3. HVL Developer's public utility status is immaterial with regard to HVL Utilities' application for a certificate.

*Hidden Valley Lake,* 408 N.E.2d at 626.

We also noted "this case . . . may involve actions of a questionable nature by a public utility." *Id.* at 627. Such an issue merits a decision by the PSC. *Id.* Any issues to be tried before a trial court[2] will be more easily resolved after the PSC has fulfilled its statutory fact finding function.

The PSC further failed in its fact finding obligation by omitting to detail reasons why HVL Owners' petition to intervene and compel HVL Developers to appear before the PSC was denied.

We held

the PSC has the authority and the duty, when requested under appropriate circumstances, to require any business holding itself out to be a public utility, to be under the PSC's jurisdiction, or that is sufficiently alleged to be a public utility, to appear before it for the purpose of determining whether the business is a public utility.

*Id.* at 629.

We concluded our opinion by stating:

In this case the Intervenors have alleged HVL Developer is acting as a public utility and HVL Developer in the restrictions contained in the sales contract appears to be holding itself out as being subject to the jurisdiction of the PSC. If on remand the PSC determines HVL Developer's public utility status is material to its ultimate decision on HVL Utilities' certificate application, the PSC will be required to specifically find that HVL Developer is or is not a public utility.

This case is remanded to the Public Service Commission for further action consistent with this opinion.

The deficiencies in the PSC's actions were specifically noted and remedial actions described and ordered. It was error for the PSC not to comply with that order.

We do not here hold the PSC has no authority to dismiss an action pending before it. Rules governing the Public Service Commission provide:

MOTIONS (a) Parties may file motions: (1) to strike any insufficient claim or defense; (2) to make additional parties, strike out improper parties or substitute parties; (3) to dismiss a proceeding for want of jurisdiction, insufficiency of the petition or order instituting the same or other sufficient cause; (4) for a continuance of a hearing or an extension of time for filing a pleading or for complying with an order; or (5) for other appropriate relief.

170 Ind.Admin.Code 1–1–11.

The PSC is bound not only by its own rule on dismissals, *Gary Transit, Inc. v. Public Service Commission of Indiana,* (1974) 161 Ind.App. 7, 314 N.E.2d 88, but also Trial Rule 41. *See* 170 Ind.Admin.Code 1–1–22(b). Ind.Rules of Procedure, Trial Rule 41 states:

**(A) Voluntary dismissal: Effect thereof.**

**(1) By plaintiff—By stipulation.** Subject to contrary provisions of these rules or of any statute, an action may be dismissed by the plaintiff without order of court:

(a) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs; or

(b) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim. The provisions of this subdivision shall not apply if the plaintiff in such action could not effectuate service of process, or otherwise procure adjudication on the merits.

---

2. Issues of HVL Developer's contractual obligations were raised in arguments on appeal.

(2) By order of court. Except as provided in subsection (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim or cross-claim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim or cross-claim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this subsection is without prejudice.

While HVL Owners' petition to intervene and join HVL Developer is not strictly a counter-claim or responsive pleading the situation is analogous. By presenting new issues relevant to the petition of HVL Utilities, HVL Owners have placed before the PSC claims which would affect the outcome of the primary controversy. The spirit of our trial rules discourages the dismissal of any action that would leave a party without a forum in which to have his issues heard.

■ Upon remand the PSC might have determined that HVL Owners could not intervene in the certification proceeding. In such a case voluntary dismissal would be appropriate. But to dismiss without regard to possibly dispositive claims raised by HVL owners exceeds the scope of T.R. 41 and the "sufficient cause" requirement of 170 Ind. Admin.Code 1–1–11.

We reverse the order of the PSC dismissing the petition of HVL Utilities and remand with instructions to take further action consistent with this opinion and our previous opinion in this matter.

YOUNG, P.J., and MILLER, J., concur.